## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DONGMEI LI,
    *Plaintiff,*

    v.                             No. 3:21-cv-996 (VAB)

RICHARD PECK ET AL.,
    *Defendants.*

### RULING AND ORDER ON MOTION TO COMPEL

Dongmei Li ("Plaintiff") has sued Richard Peck, American Medical Response, Inc.

("AMR"), Mackenzie D'Lorio, St. Vincent's Medical Center ("St. Vincent's"), and the Town of

Fairfield (collectively with Mr. Peck, the "Town Defendants") (collectively with Mr. Peck,

AMR, and St. Vincent's, "Defendants") for violations of her state and federal constitutional

rights and for false imprisonment. *See* Am. Compl., ECF No. 8 (July 30, 2021) ("Am. Compl.");

Ruling and Order on Mots. to Dismiss, ECF No. 140 (Aug. 11, 2022).

Defendants have filed a joint omnibus motion for an order of compliance. Joint Mot. to

Compel, ECF No. 208 (Jan. 30, 2024) ("Mot.").

For the following reasons, Defendants' motion to compel is **GRANTED in part**

**DENIED in part**.

Defendants' motion is **DENIED** as to Town Interrogatories Nos. 14, 18, 22, 27, and 28

and as to St. Vincent's Interrogatories Nos. 4 and 21. Defendants' motion is **GRANTED** as to

Town Interrogatories Nos. 5, 6, 7, 11, 13, 15, 17, 20, 23, 24, and 25 and as to St. Vincent's

Interrogatories Nos. 3(a), 3(b), 8, 9, 13, 17, 22, and St. Vincent's Request for Production No. 12.

Defendants are ordered to file a proposed protective order consistent with this Ruling and Order

by **May 3, 2024**. Ms. Li is ordered to supplement her responses to Defendants' discovery requests by **May 10, 2024**.

If Ms. Li fails to comply with this order, the Court may consider any of the range of sanctions available to it. *See Valentini v. Citigroup, Inc.*, No. 11 CIV. 1355 (JMF), 2013 WL 4407065, at *2 (S.D.N.Y. Aug. 16, 2013) ("The range of sanctions available to a court includes—but is not limited to—'orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the "disobedient" party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting a default judgment against the disobedient party; or entering an order of contempt.'" (quoting *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 195 (E.D.N.Y. 2010))).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural history of this case.

On August 18, 2023, the Court denied without prejudice to renewal Ms. Li's motion to compel Defendants to respond to her interrogatories. Order Denying Pl.'s Mot. to Compel, ECF No. 199 (Aug. 18, 2023) ("Order Denying Mot. to Compel"). In that order, the Court instructed Ms. Li to provide responses to Defendants' discovery requests, and, to the extent that Ms. Li had objections to specific requests, the Court instructed her to state those objections separately and with specificity for each interrogatory or request for production. *Id*. at 8.

On January 30, 2024, Defendants filed a joint omnibus motion to compel Ms. Li to provide more substantive responses to the Town and St. Vincent's interrogatories and to produce all records responsive their requests for production. Mot.

On February 2, 2024, Ms. Li filed an objection to Defendants' motion to compel. Obj. to Mot. to Compel, ECF No. 209 (Feb. 2, 2024) ("Obj.").

## II.      STANDARD OF REVIEW

Under Fed. R. Civ. P. 26(b)(1), the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) ("Rule 26"). If a party fails to produce documents as requested under Rule 34 of the Federal Rules, the party seeking discovery may move for an order compelling production. Fed. R. Civ. P. 37(a)(3) ("Rule 37"). The party seeking discovery may also move for an order compelling a more complete discovery response if the responding party provided an evasive or incomplete response. Fed. R. Civ. P. 37(a)(3), (4).

"Once the party seeking discovery has demonstrated relevance, '[t]he objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive.'" *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-CV-01222 (VAB), 2020 WL 6049196, at *2 (D. Conn. Oct. 13, 2020) (citing *Klein v. AIG Trading Grp.*, 228 F.R.D. 418, 422 (D. Conn. 2005) (internal alterations and quotation marks omitted)). The Court exercises broad discretion in deciding a motion to compel discovery. *Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999) ("We will not disturb a district court's ruling on a motion to compel discovery unless there is a clear showing of abuse of discretion." (internal quotation marks omitted)).

## III.     DISCUSSION

The Town Defendants, St. Vincent's, and AMR submitted separate interrogatories and requests for production to Ms. Li. Mot., Ex. A, ECF No. 208-1 (Jan. 30, 2024) ("Town

Requests"); Mot., Ex. B, ECF No. 208-2 (Jan. 30, 2024) ("St. Vincent's Requests"); Mot., Ex. D,

ECF No. 208-4 (Jan. 30, 2024) ("AMR Requests").

Defendants argue that several of Ms. Li's responses to their interrogatories and requests

for production require more complete responses. Mot. at 4. Specifically, Defendants' motion to

compel concerns Town Interrogatories Nos. 5,[1] 6,[2] 7,[3] 11, 13,[4] 14,[5] 15,[6] 17, 18,[7] 20,[8] 22, 23, 24,

25,[9] 27,[10] 28, St. Vincent's Interrogatories Nos. 3(a),[11] 3(b), 4, 8, 9, 13, 17, 21, 22, and St.

Vincent's Request for Production No. 12.

In response, Ms. Li first argues that her responses were adequate and Defendant's

responses to her interrogatories were inadequate. Obj. at 1. Also, Ms. Li broadly argues that

Defendants' interrogatories "violated privileges, were irrelevant to the case claims, and had no

substantive need[, and] . . . were raised with improper purposes, such as to harass, cause

unnecessary delay or unnecessarily increase the costs of litigation." *Id.*

The Court has already addressed Ms. Li's argument that Defendants' responses to her

interrogatories were inadequate. *See* Order Denying Mot. to Compel at 5 ("[T]he Court finds that

Defendants' responses were adequate."); Order Denying Pl.'s Second Mot. to Compel, ECF No.

207 (Dec. 4, 2023) ("As the discovery requested has been provided, or otherwise not sought

consistent with the Federal Rules of Civil Procedure, Ms. Li's motion to compel is **DENIED**.").

---

[1] Where St. Vincent's requests are duplicative of the Town's requests, the Court will note that it is addressing both requests: *see also* St. Vincent's Requests at 6 ¶ 5.

[2] *See also id.* ¶ 6.

[3] *See also id.* at 7 ¶ 7.

[4] *See also id.* at 8 ¶ 10.

[5] *See also id* ¶ 11.

[6] *See also id.* ¶ 12.

[7] *See also id.* at 9 ¶ 14.

[8] *See also id.* ¶ 16.

[9] *See also id.* at 10 ¶ 19.

[10] *See also id.* ¶ 20.

[11] St. Vincent's requests contain two interrogatories labeled No. 3. For ease of reference, the Court will refer to the first one as No. 3(a) and the second one as No. 3(b). *See id.* at 5–6 ¶¶ 3(a), 3(b).

As to Ms. Li's second argument, the Court will address each discovery request raised by Defendants.

### A.  Town Interrogatories Nos. 27 and 28 and St. Vincent's Interrogatories Nos. 4 and 21

At the outset, the Court notes that it has already "reviewed Defendants interrogatories and requests for production and finds that almost all of them are relevant to this case." Order Denying Mot. to Compel at 6. The Court noted, however, that the requests for information related to Ms. Li's electronic devices may not be relevant to this case, and instructed Defendants to set forth a basis for their relevance. *Id*. at 7.

In particular, the Court identified Town Interrogatory No. 28 and St. Vincent's Interrogatory No. 21. Town Interrogatory No. 27 fits under this category as well. *See* Town Requests at 11 ¶ 27 ("[W]hether you owned a mobile or cellular phone on June 29, 2020, and, if so, state the phone number for each such phone, each phone's wireless provider (e.g., AT&T, Cricket Wireless, Verizon, T-Mobile, etc.) and the account number and name of the account holder for each wireless provider account with which each such phone is associated.").

As to these interrogatories, Defendants state that "the existence of any such data storage devices, which may contain discoverable information relevant to Plaintiff's claims and the Defendants' defenses, is relevant . . . ." *Id*. at 5–6. This is an insufficient basis for the relevance of information about Ms. Li's wireless provider account and a catalog of Ms. Li's electronic devices and the electronic devices of anyone living with her at her Fairfield residence where Defendants have requested "all documents or communications, including email or other written correspondence, memoranda, notes, telephone messages and other documents or audio/visual recordings known to you which captured or recorded any conversations between you and Officer

Richard Peck, Officer Lance Newkirchen, any employee of the Fairfield Police Department/Town of Fairfield or any person present at your residence," Town Requests at 7 ¶ 10,[12] "[a]ny and all photographs related to this dispute," *id.* at 12 ¶ 3,[13] "[a]ny and all video related to this dispute," *id.* ¶ 4,[14] and "[a]ny and all audio recordings related to this dispute[,]" *id.* ¶ 5. *See Doe v. Wesleyan Univ.*, No. 3:19-cv-01519 (JBA), 2021 WL 4704852, at *5–6 (D. Conn. Oct. 8, 2021) (concluding that "[t]he record before the Court does not provide an 'adequate factual basis' for requiring Wesleyan to catalog all of the devices on which its responsive communications reside" where the plaintiff "says that she needs Wesleyan to list its devices so that she knows 'where the . . . communications . . . reside,' but she has already requested the communications themselves").

Accordingly, the Court will deny Defendants' motion to compel as to Town Interrogatories Nos. 27 and 28 and as to St. Vincent's Interrogatory No. 21.

Additionally, although St. Vincent's Interrogatory No. 4 may have been relevant to corroborating matters regarding the 2016 incident-related claims and Ms. Li's involvement at her daughter's school, *see* St. Vincent's Requests at 6 ¶ 4 ("[I]dentify all organizations for whom you have volunteered your time in the last 10 years and state the dates during which you volunteered your time, your activities on behalf of the organization, and the name of each person overseeing your volunteer work."), those claims were dismissed in the Court's ruling and order on Defendants' motions to dismiss. Ruling and Order on Mots. to Dismiss §§ III.E.1, III.F, ECF No. 140 (Aug. 11, 2022).

---

[12] *See also* St. Vincent's Requests at 7 ¶ 9.
[13] *See also id.* at 12 ¶ 3.
[14] *See also id.* ¶ 4.

To establish why the last ten years of Ms. Li's volunteer history is still "relevant to any party's claim or defense," as required by Rule 26(b)(1), *see Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("The party seeking discovery bears the initial burden of proving the discovery is relevant . . . ."), Defendants argue that, because Ms. Li claims that her children were still in school at the time of both incidents and because she claims to have helped with her children's after-school activities, Ms. Li must supplement her answer to this interrogatory to establish the approximated time frames for her volunteering. Mot. at 7–8.

This does not satisfy Defendants' burden of showing why Ms. Li's volunteer history is relevant to the remaining case. Although Ms. Li claimed that her children were in school during the 2020 incident, Defendants have not explained why that fact renders the timing of Ms. Li's volunteer history at her children's school, or elsewhere, relevant to her remaining claims or their defenses.

Accordingly, the Court will deny Defendants' motion as to St. Vincent's Interrogatory No. 4.

**B. Town Interrogatory No. 5 and St. Vincent's Interrogatories Nos. 3(a), 3(b), and 22**

As noted, the remaining requests are relevant to this case, and the Court will determine whether Ms. Li's responses are adequate.

In St. Vincent's Interrogatory No. 22, St. Vincent's seeks to identify: "any social media accounts or profiles maintained by you from January 2, 2020 to the present including the host of the account (for example, Facebook, Instagram, Snapchat, Twitter, LinkedIn, etc.) and your profile name associated with each account." St. Vincent's Request at 11 ¶ 22. Ms. Li responded,

"[t]he defendant is a suspect in violating the plaintiff's privileges protected by the U.S. Constitution and falsely imprisoning him. This question continues to violate the plaintiff's right to privacy protected by the U.S. Constitution." Obj. at 37.

Defendants argue that "[m]ore detailed responses to these Interrogatories are required because the existence of any such data storage devices, which may contain discoverable information relevant to Plaintiff's claims and the Defendants' defenses, is relevant and proportional to the needs of the case." Mot. at 5–6.

Ms. Li did not make a specific objection to these interrogatories in her responses to them or in her objection to Defendants' motion to compel. And even when considering her overarching objection—*see* Obj. at 1 ("[A] large number of interrogatories in the defendant's discovery violated privileges, were irrelevant to the case claims, and had no substantive need[, and] . . . were raised with improper purposes, such as to harass, cause unnecessary delay or unnecessarily increase the costs of litigation."); *see also Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 407 (E.D.N.Y. 2013) (noting the "leeway that pro se litigants are typically given with respect to discovery rules")—the Court agrees with Defendants.

"[S]ocial media, diaries, and journals [are] generally discoverable provided that they are relevant to a plaintiff's claims." *Connolly v. Alderman*, No. 2:17-CV-79, 2018 WL 4462368, at *5 (D. Vt. Sept. 18, 2018). And St. Vincent's request for the profile names of any social media accounts Ms. Li maintained from the year of the transport at issue to the present is rather narrow. *Cf. Silva v. Dick's Sporting Goods, Inc.*, No. 3:14-CV-580 (WWE) (WIG), 2015 WL 1275840, at *2 (D. Conn. Mar. 19, 2015) ("Defendant's request for an unredacted copy of all of Plaintiff's Facebook communications is too broad.").

Accordingly, the Court will grant Defendants' motion as to St. Vincent's Interrogatory No. 22. Ms. Li must supplement her response by listing any social media platforms she maintained from January 2, 2020, to the present, and the associated profile names.

In St. Vincent's Interrogatory No. 3(a), St. Vincent seeks to identify:

> [whether] you have ever been a party to a lawsuit before, please state the jurisdiction in which the case is or was pending, the caption of the case, the names of each party to the case, a brief description of the allegations in the case, and the outcome of the case.

St. Vincent's Requests at 5 ¶ 3(a). Ms. Li responded that "[t]he plaintiff previously filed as plaintiff two small claim court cases at Connecticut Housing Court, regarding non-rent payment cases against two separate tenants. The plaintiff won in both cases, the tenants were legally evicted." Obj. at 29.

Defendants argue that Ms. Li must supplement her responses with the jurisdictions, case captions or docket numbers, and all parties to both cases because it is relevant to her litigation history as a *pro se* plaintiff. Mot. at 6.

The Court agrees.

Ms. Li has already provided the brief description of two cases she listed, as well as the outcome of each case. It will not be unduly burdensome for Ms. Li to supplement her response with the jurisdiction, caption or docket number, and the names of the defendants in the two cases. *Cf. Phillips v. Dovenmuehle Mortg.*, Inc., No. 1:17-CV-08882, 2019 WL 13218379, at *3 (N.D. Ill. Feb. 14, 2019) (noting that the burden of compelling the mortgage company defendant "to compile a list of their public litigation history – a list that [the defendant] states it does not readily maintain" outweighed the benefit of it and noting that the "[p]laintiff and his counsel can search for this public information themselves" (citing Fed. R. Civ. P. 26(b)(2)(iii) (allowing

court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit"))).

Accordingly, the Court will grant Defendants' motion as to St. Vincent's Interrogatory No. 3(a). Ms. Li must supplement her response with the jurisdiction, caption or docket number, and the names of the defendants in each case she mentioned in her response.

In St. Vincent's Interrogatory No. 3(b), St. Vincent's requests: "all employers for whom you have worked in the last 10 years and state the dates of your employment, each position you held at each employer, the name of your direct supervisors, and your reason for leaving each employer." St. Vincent's Requests at 6 ¶ 4. Ms. Li responded:

> 1) The plaintiff is a linguist, bilingual education expert, and Chinese education expert, English/Chinese and Japanese/Chinese translator; writer . She is a former professional Chinese teacher in the East Asian Department of Harvard University.
>
> The plaintiff founded the U.S.-China International Trade Promotion Agency and is the founder and president. She is self-employed.
>
> 2) My husband and I have always filed taxes jointly and used family health insurance through my husband's company. Because our family has been using my Husband's employer's family health insurance, his employer can also be said to be our family's employer. . . .

Obj. at 29.

Defendants argue that Ms. Li must supplement her response with the particular organizations she has worked for, and her supervisors, dates of employment, formal titles, and her reason for leaving Harvard University. Mot. at 9.

The Court agrees in part.

If Ms. Li is seeking damages for past and future lost wages, then her employment history is relevant to the computation of damages. That said, Defendants' request for a detailed

employment history spanning ten years is a broad request. *See Bal v. Manhattan Democratic Party*, No. 16-CV-02416 (PKC) (DF), 2018 WL 11466349, at *10 (S.D.N.Y. Mar. 14, 2018) (denying request to compel the plaintiff to provide a ten-year employment history as overbroad and instructing the defendants to inquire at the plaintiff's deposition as to any lost wages). But because Ms. Li has yet to provide the computation of damages required by Rule 26(a)(1)(A)(iii), and is currently proceeding *pro se*, the Court will require Ms. Li to provide the requested employment history for the past five years to allow Defendants to assess damages. *See, e.g., EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process." (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008))), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

Accordingly, the Court will grant Defendants' motion as to St. Vincent's Interrogatory No. 3(b) in part as to permitting five years of employment history, and will deny the request for ten years of employment history without prejudice to renewing that request based on any alleged inadequacy with only five years of data. For each place Ms. Li has been employed in the last five years, she must supplement her response with the dates of employment, the title of her positions, the names of her direct supervisors, and her reason for leaving each employer.

In Town Interrogatory No. 5,[15] the Town Defendants seek to identify:

> [A]ll activities you engaged in during the twelve (12) hours immediately preceding your transport by ambulance to St. Vincent's Medical Center on or about June 29, 2020, including, but not limited to, any places to which you traveled, any individuals with whom you interacted, the name, phone number and address of any such individual and identify all documents that support your response.

---

[15] *See also* St. Vincent's Requests at 6 ¶ 5 (requesting the same information for twenty-four hours preceding Ms. Li's transport to St. Vincent's).

Town Requests at 6 ¶ 5. Ms. Li responded: "The plaintiff was at home, to pay homage to and remember her father. The plaintiff's husband and daughters were home. The plaintiff made a phone call to her mother in China." Obj. at 7.

Defendants argue that Ms. Li must supplement her response with details regarding what she meant by her paying homage to her father, with contact information for individuals with whom she communicated, and with information about her husband and daughters because she represented that they were home at a point preceding her transport to St. Vincent's. Mot. at 10.

To the extent that Defendants are requesting the Court to compel Ms. Li to provide contact information for her husband and daughters as individuals with discoverable information—given that Ms. Li represented that they were home during the incident that led to her transport to St. Vincent's—the Court will grant that motion, as Ms. Li is required to provide such information under Rule 26(a)(1)(A)(i).

To the extent, however, that Defendants are seeking details beyond what Ms. Li provided about her activities generally during the relevant period, the Court finds the request overbroad in scope. *See Milner v. City of Bristol*, No. 3:18-CV-01104 (JAM), 2020 WL 6049261, at *5 (D. Conn. Oct. 13, 2020) ("Interrogatory 2 asks plaintiff to 'detail all activities you engaged in during the twenty-four (24) hours immediately preceding the incident alleged in your Complaint[.]' . . . The Court . . . finds that the scope is overbroad. . . . and finds that plaintiff's conduct that day generally is not relevant or discoverable." (citations and emphasis omitted)).

Accordingly, the Court will grant Defendants' motion as to Town Interrogatory No. 5 in part. Ms. Li must supplement her response only with the names, phone numbers, and addresses of the individuals she interacted with during the identified time periods.

### C. Town Interrogatories Nos. 6, 11, 17, and 20 and St. Vincent's Interrogatories

### Nos. 8, 9, 13, and 17

In Town Interrogatory No. 11, the Town Defendants seek to identify:

> [W]hether you had ever previously been transported for emergency examination pursuant to Connecticut General Statutes § 17a-503(a) before your transport by ambulance to St. Vincent's Medical Center on or about June 29, 2020, and, if you had, please describe the facts and circumstances that led to such previous transport(s), and identify the date(s) of such transport(s); the medical facility to which you were transported, and the name(s) of the police officer(s) present for your transportation in each instance.

Town Requests at 7 ¶ 11. Ms. Li responded, "NONE." Obj. at 10.

Defendants argue that, because any prior involuntary transports are relevant to Ms. Li's claims, Ms. Li must supplement her response as her Complaint alleges at least one prior occasion that is responsive to the interrogatory. Mot. at 10–11; *see also* Am. Compl. at 30 ¶ 93.

The Court agrees.

Although evidence of the 2016 incident ultimately may not be admissible, *see* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."), the Court finds that prior instances of Ms. Li being transported for emergency examination under Conn. Gen. Stat. § 17a-503(a) are discoverable in this case arising from her most recent transport. *Cf. Taylor v. Otis Elevator Co.*, No. 12-CV-196F, 2013 WL 1340387, at *1 (W.D.N.Y. Apr. 1, 2013) (permitting discovery as to the plaintiff's prior injuries for the purpose of assessing damages); *Midalgo v. McLaughlin*, No. 9:06-CV-330, 2009 WL 890544, at *2 (N.D.N.Y. Mar. 30, 2009) ("[B]y putting his medical condition at issue in this lawsuit, [the plaintiff] waives any privilege he may have otherwise been entitled to as to his limited privacy interests in these medical records.").

Accordingly, the Court will grant Defendants' motion as to Town Interrogatory No. 11.

Ms. Li must supplement her response with the facts regarding the 2016 incident and any other

responsive transport.

In Town Interrogatory No. 6,[16] the Town Defendants seek to identify:

> If within a twenty-four (24) hour period immediately prior to your
> transport by ambulance to St. Vincent's Medical Center on or about
> June 29, 2020, you ingested or utilized any alcoholic beverages,
> pharmaceuticals, narcotics or drugs, prescription or otherwise,
> identify the type and amount of each substance, the time it was
> ingested and any person present at the time by name, phone number
> and address.

Town Requests at 6 ¶ 6. Ms. Li responded, "Prenatal Vitamins," Obj. at 7, and "I had just

planned to get pregnant and was taking prenatal vitamins[,]" *id*. at 30.

In St. Vincent's Interrogatory No. 17, St. Vincent's seeks to identify: "all prescription

and non-prescription medications and dietary supplements you have taken for the last 10 years,

the reason for taking such medications and dietary supplements and the periods during which

you took such medications and dietary supplements." St. Vincent's Requests at 10 ¶ 17. Ms. Li

responded, "Multi-vitamin, prenatal vitamin." Obj. at 35.

Defendants argue that Ms. Li must supplement her responses with the type or amount of

each substance ingested, the time or date of ingestion, and the identities of any persons present

during such ingestion. Mot. at 11. Defendants also argue that, in response to these

interrogatories, Ms. Li must provide documentation to support her claim that she was pregnant.

The Court agrees in substantial part.

In inquiring whether Ms. Li used drugs or alcohol in the twenty-four hours before being

transported to St. Vincent's, Town Interrogatory No. 6 is narrowly probative of Ms. Li's physical

---

[16] *See also* St. Vincent's Requests at 6 ¶ 6.

or mental state before she was transported. And although St. Vincent's Interrogatory No. 17 requests a broader history of Ms. Li's medication use, it is also warranted by the claims Ms. Li raises regarding her involuntary transport. *See Bauman v. 2810026 Canada Ltd.*, No. 15-CV-374A(F), 2016 WL 402645, at *2 (W.D.N.Y. Feb. 3, 2016) (finding that broad discovery was "warranted by the possibility that a plaintiff's medications, or a plaintiff's failure to use such prescribed medications," could adversely affect the plaintiff's abilities in the incident at issue); *cf. Green v. St. Vincent's Med. Ctr.*, 252 F.R.D. 125, 128 (D. Conn. 2008) ("[C]ourts have recognized that when a party puts his or her mental state at issue, his or her opponent has a right to conduct an inquiry into present *and* past communications between psychotherapist and patient." (emphasis in original)).

Thus, if Ms. Li ingested any medication, other than a prenatal vitamin or multivitamin, during the identified time periods, then she must correct her responses to Town Interrogatory No. 6 and St. Vincent's Interrogatory No. 17. *See Shim-Larkin v. City of New York*, No. 16-CV-6099 (AJN) (KNF), 2020 WL 5534928, at *12 (S.D.N.Y. Sept. 14, 2020) ("If a party determines that a response given to an interrogatory is 'in some material respect' not complete or is incorrect, 'and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing,' the party has a duty to supplement the interrogatory response timely to ensure that the interrogatory is answered completely and correctly." (citing Fed. R. Civ. P. 26(e)(1)(A))), *objections overruled*, No. 16-CV-6099 (AJN), 2022 WL 1250548 (S.D.N.Y. Apr. 27, 2022).

The Court notes, however, that documentation of a pregnancy is beyond the scope of St. Vincent's Interrogatory No. 17, unless there is anything suggesting that Ms. Li was taking medications for a pregnancy during the relevant time period.

Accordingly, the Court will grant Defendants' motion as to Town Interrogatory No. 6 and grant their motion with respect to St. Vincent's Interrogatory No. 17 in part. Ms. Li must supplement her response to Town Interrogatory No. 6 with the type and amount of each substance ingested or used, the time she ingested or used them, and information for any person present at that time. Ms. Li must supplement her response to St. Vincent's Interrogatory No. 17 with five years' worth of information, rather than the ten-year period requested by the Defendants, during which she was taking any medications or supplements and the reasons for taking them. Ms. Li must also supplement or correct her response to include any other responsive medications or substances.

In Town Interrogatory No. 17, the Town Defendants seek to identify:

> [T]he names and addresses of all medical providers with whom you have consulted or are presently consulting for any injury or condition, including all mental, psychological or emotional injuries that you claim to have sustained as a result of any actions of the Town or Officer Peck on June 29, 2020, as alleged in your Complaint, and provide the date of each such consultation.

Town Requests at 9 ¶ 17. Ms. Li responded, "Plaintiff's family physician and gynecologist." Obj. at 13.

In St. Vincent's Interrogatory No. 13, St. Vincent's requests:

> [T]he names and addresses of all medical providers, including mental health providers, with whom you have consulted or are presently consulting for any injuries, illnesses, or conditions, including all mental, psychological or emotional injuries, illnesses, or conditions, you claim to have sustained as a result of the actions you allege in your Complaint.

St. Vincent's Requests at 9 ¶ 13. Ms. Li responded, "Plaintiff's family physician and gynecologist." Obj. at 32.

In Town Interrogatory No. 20,[17] the Town Defendants request: "the name and address of any primary care physician with whom you have treated in the last ten (10) years. Ms. Li responded with the following five names: Dr. Pang Wang, Dr. Xiaoming Hong, Dr. Alla Chesky, Dr. Xiaofei Wei, and Dr. Tran Nguyen. Obj. at 16. To St. Vincent's Interrogatory No. 16, Ms. Li responded:

> The plaintiff had good health insurance and had maintained good annual physical exams. The fact that the defendant asked this question just proves that the defendant illegally kidnapped and imprisoned the plaintiff.
>
> . . .
>
> However, SVMC 2016 and 2020 medical records both illegally show: NO PCP.

Obj. at 35.

Defendants argue that Ms. Li must supplement her responses to these interrogatories with the names and addresses of the referenced physicians, the dates she met with any providers, and produce any associated medical records. Mot. at 13.

The Court agrees.

Ms. Li's medical history is squarely at issue in this case, as Ms. Li is claiming extensive damages related to expenses and losses arising from her alleged injuries. Thus, "there is no basis to deny access to medical records . . . ." *Cordero v. United States*, No. 19 CIV. 1320 (SLC), 2021 WL 568079, at *2 (S.D.N.Y. Feb. 16, 2021) (noting that a plaintiff waives their right to privacy in certain medical records by putting a medical condition at issue); *see also Green*, 252 F.R.D. at 128 ("[C]ourts have recognized that when a party puts his or her mental state at issue, his or her

---

[17] *See also* St. Vincent's Requests at 9 ¶ 16.

opponent has a right to conduct an inquiry into present *and* past communications between psychotherapist and patient." (emphasis in original)).

Accordingly, the Court will grant Defendants' motion as to Town Interrogatories No. 17 and 20 and as to St. Vincent's Interrogatory No. 13. Ms. Li must supplement her responses with the names and addresses for the requested medical providers.

In St. Vincent's Interrogatory No. 9, St. Vincent's requests:

> [A]ll documents or communications, including email or other written correspondence, memoranda, notes, telephone messages and other documents or audio/visual recordings known to you (other than the SVMC medical records with which you have been provided), which captured, recorded, paraphrased, or summarized any conversations between you and any officer or employee of the Town of Fairfield, any employee agent or representative of the defendant AMR, anyone present at SVMC from June 29, 2020 until your discharge from SVMC, or anyone present at your home in the six hours prior to your 911 call on June 29, 2020, and, as to each responsive item, identify the person having present custody of it and its location.

St. Vincent's Requests at 7 ¶ 9. Ms. Li listed the following documents: Aetna Medical Record, AMR 2016 Record, AMR 2020.0629 AM Record, AMR 2020.0629 Noon Record, Fairfield Police Report CASE/INCIDENT REPORT CFS NO 1600038703, Fairfield Police Report CASE/INCIDENT REPORT CFS NO 2000021229, Nelson Ambulance 2016.0927 Record, Westport Probate Court Decree, SVMC 2016 - St. Vincent's Hospital medical records for 2016, and SVMC 2020 - St. Vincent's Hospital medical records for 2020. Obj. at 31.

In St. Vincent's Interrogatory No. 8, St. Vincent's seeks to identify:

> [W]hether any photographs, videos, or audio recordings were taken of any interactions you had with the anyone within six hours prior to your 911 call on June 29, 2020 or during or following your transport by ambulance to SVMC on or about June 29, 2020 through your discharge from SVMC, including of any injuries you claim to have sustained as a result of the allegations in your Complaint. If any such photographs or videos were taken, provide the date(s) such

> photos or videos were taken, by whom they were taken, if you have a copy of any such photographs or videos and the location of any such photograph or video.

St. Vincent's Requests at 7 ¶ 8. Ms. Li responded:

> My phone and all my personal belongings were unreasonably searched and seized from me when I was kidnapped to St. Vincent's Medical Center.
>
> Fairfield police officers, AMR and St. Vincent's Medical Center should have pictures, records and videos, but they illegally refused to provide any video records.
>
> The July 20 Westport Probate Court hearing was held at St. Vincent's Medical Center, the Probate Court should have recordings.

Obj. at 30–31.

Defendants argue that Ms. Li must supplement her responses to these interrogatories with whether she has knowledge of any responsive materials and produce those materials in accordance with Federal Rule of Civil Procedure 34(b)(2)(B). Mot. at 14.

The Court agrees.

In these interrogatories, Defendants are seeking documentation of the incident and the injuries Ms. Li alleged as a result of the incident, which are within the scope of discovery under Rule 26. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Furthermore, Ms. Li has not provided a complete response to either interrogatory.

Accordingly, the Court will grant Defendants' motion as to St. Vincent's Interrogatories Nos. 8 and 9.

In her response to St. Vincent's Interrogatory No. 9, Ms. Li must also include the custodian and location of each document. And because Ms. Li has not argued that she is unable

to obtain the documents that she listed in response to St. Vincent's Interrogatory No. 9, Ms. Li must produce those documents as requested in St. Vincent's Request for Production Nos. 3 and 4. *See Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents . . . ." (quoting *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 333 F.R.D. 60, 64 (S.D.N.Y. 2019), *on reconsideration in part*, 439 F. Supp. 3d 169 (S.D.N.Y. 2020))); *see also* Fed. R. Civ. P. 34(b)(2)(B) (permitting the party responding to a request for production to either permit inspection of the requested items or produce copies of them).

In her response to St. Vincent's Interrogatory No. 8, Ms. Li must also include when the referenced hearing occurred, and she must attempt to obtain any recording from the probate court to produce any recording in response to St. Vincent's Request for Production No. 4.

That said, the Court reads Ms. Li's statement that Defendants "should have pictures, records and videos, but they illegally refused to provide any video records[,]" Obj. at 31, to mean that those materials are not within her control and she has been unable to obtain them. Thus, should the Fairfield Police Department, AMR, or St. Vincent's have any responsive pictures, records, or videos that they have not provided to Ms. Li, the Court will not compel Ms. Li to produce such materials. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request . . . to produce . . . [or] inspect . . . items in the responding party's possession, custody, or control . . . ."); *Allstate Ins. Co. v. Kirshner*, No. 3:12-CV-1262 (JBA), 2015 WL 3620234, at *3 (D. Conn. June 9, 2015) ("If control of the documents is disputed, it is the party seeking production who bears the burden of establishing the opposing party's control over those documents.").

**D.  Town Interrogatories Nos. 7, 13, 14, and 15**

In Town Interrogatory No. 15,[18] the Town Defendants seek to identify: "the names and address of each person you intend to call as an expert witness in this case, and for each expert set forth: A. the substance of all opinion(s) held; B. the grounds for each opinion held; and C. the basis for each opinion held." Town Requests at 8 ¶ 15. Ms. Li responded:

> 1) W. Lawrence Fitch, JD, University of Maryland Law School, Affiliated Faculty, Institute of Law, Psychiatry and Public Policy, University of Virginia; and Jeffrey W. Swanson, PhD, Department of Psychiatry and Behavioral Sciences, Duke University School of Medicine. Nadine Benton served as Contracting Officer Representative
>
> Civil Commitment and the Mental Health Care Continuum: Historical Trends and Principles for Law and Practice
>
> https://www.samhsa.gov/sites/default/files/ciyil-commitment-continuum-of-care.pdf
>
> 2) Pilar Zambrano and William L. Saunders, authors of "Unborn Human Life and Fundamental Rights, Leading Constitutional Cases under Scrutiny"
>
> 3) Nita A. Farahany, author of "The Battle for Your Brain: Defending the Right to Think Freely in the Age of Neurotechnology"

Obj. at 12.

Defendants argue that, if Ms. Li intends to call these authors at trial for expert testimony, she must supplement her response with their expert reports and summaries of their anticipated testimony to allow for Defendants to retain rebuttal experts and depose the Ms. Li's experts. Mot. at 15.

The Court agrees.

---

[18] *See also* St. Vincent's Requests at 8 ¶ 12.

Ms. Li is required to disclose the identity of any expert witnesses she intends to call at trial under Rule 26(a)(2)(A). And as Defendants stated, if Ms. Li intends to call the authors listed at trial, she must adequately disclose them.

Accordingly, the Court will grant Defendants' motion as to Town Interrogatory No. 15. Ms. Li must supplement her response with name and address of any expert she intends to call at trial, as well as with the disclosures required by Rule 26(a)(2)(B).[19]

In Town Interrogatory No. 14,[20] the Town Defendants request: "the name, phone number and address of each person you intend to call as a witness, other than expert, in this case and, as to each individual, state the substance of his/her anticipated testimony." Town Requests at 8 ¶ 14. Ms. Li responded, "Zhong Chen, the plaintiff's husband. . . ." Obj. at 11.

In Town Interrogatory No. 7,[21] the Town Defendants seek to identify:

> [T]he names, dates of birth, current address(es), and the nature of your relationship with any individuals, other than the defendants, who were physically present at your residence for any portion of time on the date of your transport by ambulance to St. Vincent's Medical Center on or about June 29, 2020, or any individual who had the opportunity to observe you during the twelve (12) hours immediately preceding such transport.

Town Requests at 6 ¶ 7. To the Town Defendants, Ms. Li responded, "1) My husband and daughter. 2) Fairfield Police Department. . . ." Obj. at 8. To St. Vincent's, Ms. Li responded, "I was with my husband and daughter. . . ." *Id*. at 30.

---

[19] In addition to the requirement that Ms. Li's expert witness disclosure include the opinion of any expert witnesses, as well as the basis and reasons for those opinions, Defendants also request the "substance" and "grounds" of any expert opinions. Town Requests at 8 ¶ 15. It is unclear how this differs, if at all, from what is required under Rule 26. Thus, the Court will limit this interrogatory to the disclosures required by Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(B) ("[D]isclosure must be accompanied by a written report . . . . The report must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them . . . .").

[20] *See also* St. Vincent's Requests at 8 ¶ 11.

[21] *See also id*. at 7 ¶ 7.

In Town Interrogatory No. 13,[22] the Town Defendants seek to identify:

> [T]he name, phone number and address of each person, other than those who are parties to this litigation, who you believe to have factual information regarding your transport by ambulance to St. Vincent's Medical Center on or about June 29, 2020, and the facts leading thereto; as to each identified individual, provide a brief summary of the known information.

Town Requests at 8 ¶ 13. In her response to the Town Defendants, Ms. Li included the documents she listed in response to Town Interrogatory No. 10, and added:

> CT Connecticut AMR (LD93Pl) PATIENT CARE REPORT dated June 29, 2020 Case # 14950534, received from SVMC 2020 page 7, proves that defendants St. Vincent Hospital, AMR, and Fairfield Police Department, jointly conspired to kidnap and imprison the plaintiff on 06/29 at3:30 AM and printed the order on 06/29 at 04:30: 18.

Obj. at 11. In her response to St. Vincent's, Ms. Li listed Fairfield Police Department, AMR, St. Vincent's, and added: "Medical records obtained from SVMC show that the Fairfield Police Department, American Medical Response, Inc., and St. Vincent's Medical Center conspired to unlawfully kidnap and imprison me at 3:30am, an hour before I called 911 to request a view of the house." *Id*. at 31–32.

Defendants argue that Ms. Li must supplement her response to include the requested names, dates of birth, phone numbers, and addresses, as well as a summary of Mr. Chen's anticipated testimony. Mot. at 16–17.

The Court agrees.

Under Rule 26, Ms. Li is required to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."

---

[22] *See also* St. Vincent's Requests at 8 ¶ 10.

Fed. R. Civ. P. 26(a)(1)(A)(i). To the extent that Ms. Li's husband, Mr. Chen, has any discoverable information, Ms. Li must provide the information required by Rule 26 and requested by Defendants in Town Interrogatories Nos. 7 and 13. Additionally, if Ms. Li's daughter has any factual information regarding Ms. Li's transport to St. Vincent's, as Ms. Li disclosed that her daughter was present on the date of her transport, Ms. Li must disclose the requested information for her daughter as well.

To the extent, however, that Defendants are seeking a list of trial witnesses, Ms. Li will be required to provide that information when the parties complete their joint trial memorandum, if this case is not otherwise resolved before trial. *See* Fed. R. Civ. P. 26(a)(3) (setting the deadline for pretrial disclosures, including witness disclosures, for thirty days before trial); *see also Harnage v. S. Barrone*, No. 3:15-CV-01035 (AWT), 2017 WL 3448543, at *14 (D. Conn. Aug. 11, 2017) ("To the extent plaintiff seeks a list of trial witnesses, this information will be provided to plaintiff when the parties formulate their joint trial memorandum, should this case reach that point." (emphasis omitted)).

Accordingly, the Court will deny Defendants' motion as to Town Interrogatory No. 14 and grant Defendants' motion as to Town Interrogatories No. 7 and 13. Ms. Li must supplement her responses with Mr. Chen's phone number and address, as well as the name, address, and phone number of any other individual responsive to these interrogatories. Ms. Li must also disclose the subject of the discoverable information each individual has. If Ms. Li does not comply, the Court may preclude any inadequately disclosed individuals from testifying. *See* Fed. R. Civ. P. 37(c) ("If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

### E.  Town Interrogatories Nos. 18 and 25

In Town Interrogatory No. 18,[23] the Town Defendants requests: "If you claim you are not fully recovered from the injuries you claim to have suffered as alleged in your Complaint, state precisely from what injuries or conditions you continue to suffer." Ms. Li responded:

> During my illegal imprisonment, I was tortured and illegally used in drug experiments. The drugs/psychotropic drugs used in the torture not only killed my fetus, but also permanent loss of fertility.
>
> 1. The incidents in 2016 and 2020 respectively caused my parents to pass away in shame. This caused me eternal guilt and psychological shadow.
>
> 2. June 28, 2020 is the third anniversary of my father's death. Asians have ancestor worship and Buddhist beliefs. I also believe that through prayers and sacrifices on this day, my father can be reincarnated smoothly. The defendant's religious persecution of the plaintiff caused my father to miss the opportunity to reincarnate smoothly. This caused me eternal guilt and psychological shadow.
>
> 3. During my illegal imprisonment in 2016 and 2020, I was anesthetized for no reason five times. At that time, I was only wearing hospital paper clothes and was surrounded by all men. I was humiliated and raped. My husband and I have been married for 30 years and have known each other for 33 years. He was also my first love. This leaves us with permanent shame and psychological shadow.
>
> 4. When the two incidents occurred, my two children were still minors and in their final year of graduation. This incident caused them to lose care, companionship and education, and witnessed their mother being kidnapped and persecuted, causing them permanent psychological shadow.
>
> 5. During my illegal imprisonment, I was tortured, given drugs, deprived of sleep, resulting in elevated blood pressure, blood sugar, and cholesterol, decreased physical fitness, drug withdrawal reactions, dizziness, chronic body pain, blurred vision; neck pinched by police defendant Newkirchen often causes a red allergic reaction; difficulty sleeping; and nightmares.

---

[23] *See also* St. Vincent's Requests at 9 ¶ 14.

6. I am a linguist, bilingual educator, Chinese educator, translator, writer, and also started my own company.
The defendant's defamation and stigmatization of my mental health status caused me severe mental distress, damaged my reputation, and affected my career and the development of the company's business.

7. While I was unlawfully incarcerated, and to help with my recovery, my husband was under tremendous stress and required to spend more time caring for our children and home, which impacted his career and work

8. Post-traumatic stress disorder (PTSD) is a mental health condition that's triggered by a terrifying event—either experiencing it or witnessing it. Symptoms may include flashbacks, nightmares and severe anxiety, as well as uncontrollable thoughts about the event. . . .

Obj. at 13–14.

Defendants argue that Ms. Li responded only with generic symptomology descriptions, and that she must supplement her response either with precise injuries or conditions that she continues to suffer from, or a statement that none exist, because such information speaks to a damage evaluation. Mot. at 17–18.

The Court disagrees.

Although Ms. Li did not address the sufficiency of her response to Town Interrogatory No. 18, the Court finds Ms. Li's response to be adequate. Ms. Li's response contained some generic language about certain conditions, however, it also included claims that she suffers from fertility loss and severe mental distress. If this is the extent of Ms. Li's persisting injuries, then this is fully responsive of the interrogatory. If Ms. Li has additional injuries she continues to suffer from, she must supplement her response to include them, or the Court may preclude her from introducing evidence of such at trial. *See* Fed. R. Civ P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information .

. . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Accordingly, the Court will deny Defendants' motion as to Town Interrogatory No. 18.

In Town Interrogatory No. 25,[24] the Town Defendants seek to identify:

> [S]pecifically and in detail, together with an itemization, any and all damages or losses you claim herein, including, but not limited to, the following:
>
> A. the total amount allegedly owed;
> B. the nature and cause of the alleged loss;
> C. the method used to compute said amount;
> D. all computations relied upon to determine said amount;
> E. the identity of and attach hereto each and every document relating to your damages; and
> F. any efforts undertaken by you to reduce or mitigate the extent of the alleged loss.

Town Requests at 10 ¶ 25. In her response, Ms. Li listed the following: medical and hospital bills, medical treatments, rehabilitation expenses, physical therapy, ambulance expenses, medicine and prescription drugs, nursing home care, domestic services, medical equipment, lost wages or lost employment income, increased living expenses, property replacement or repair, transportation, mental anguish, damage to reputation, disfigurement, future medical expenses, future lost wages, long-term physical pain and suffering, loss of consortium, inconvenience, loss of enjoyment of life, and loss of opportunity. Obj. at 19–20. Ms. Li also included in her response that "[c]ompensatory damages and punitive damages will be no less than 900 billion US dollars." *Id*. at 20.

Defendants argue that Ms. Li must supplement her response by itemizing her claimed losses in a manner that will allow for rebuttal evidence challenging such valuation. Mot. at 18.

---

[24] *See also* St. Vincent's Requests at 10 ¶ 19.

The Court agrees.

Under Rule 26(a)(1), "a party must, without awaiting a discovery request, provide to the other parties . . .  a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . ." Fed. R. Civ. P. 26(a)(1)(A). And "[a]s its terms make clear, Rule 26 contemplates that a plaintiff will disclose the 'formula' that it has used to calculate its alleged damages, in this way articulating its theory of damages for testing and verification by the other parties." *Kitchen Winners NY Inc. v. Rock Fintek LLC*, No. 22 Civ. 5276 (PAE), 2023 WL 6542111, at *1 (S.D.N.Y. Sept. 1, 2023) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293 (2d Cir. 2006) and *Richmond v. Gen. Nutrition Ctrs. Inc.*, No. 08 Civ. 3577 (PAE) (HBP), 2012 WL 762307, at *6–7 (S.D.N.Y. Mar. 9, 2012)).

Additionally, Ms. Li cannot claim damages arising from injuries and refuse to produce records of the alleged injuries. *See Cordero*, 2021 WL 568079, at *2 ("[I]t is undisputed that [the plaintiff] has put his medical condition and medical history at issue in this action by seeking damages for injuries suffering the accident he alleges the Government caused, and he acknowledges that he was required to and did provide authorizations for medical records for at least some period of time."); *Wallace v. Best Buy Stores, L.P.*, No. 3:11-CV-994 (AWT), 2012 WL 5503775, at *2 (D. Conn. Nov. 13, 2012) ("The plaintiff is claiming significant damages resulting from her physical injuries. As a result, the defendant is entitled to the plaintiff's medical information."); *Midalgo*, 2009 WL 890544, at *2 ("[B]y putting his medical condition at

issue in this lawsuit, [the plaintiff] waives any privilege he may have otherwise been entitled to as to his limited privacy interests in these medical records.").

Accordingly, the Court will grant Defendants' motion as to Town Interrogatory No. 25. Ms. Li must supplement her response with a computation for each category of damages that she is claiming and produce any documents used in the computation of damages, including documentation of the expenses listed in her response to the interrogatory.

### F.  Town Interrogatory No. 22

In Town Interrogatory No. 22, the Town Defendants request: "In addition to the facts alleged in the Complaint, please state all facts and identify all evidence upon which you base your contention that your 'husband didn't say' that you 'had [a] mental history' to Officer Peck outside of your presence. Complaint, at 45 p 67." Town Requests at 10 ¶ 22. Ms. Li responded:

> Why do the police talk to my husband about our mental problems, first, it violates our privacy and constitutional rights; second, whether the police are responsible for convicting mental patients, and whether they have received enough training in mental science. Or, do they act as a religion The inquisition is looking for the secular arm of the witch. Or, vent their Asian hatred and misogyny by framing and cheating, kidnapping, and then gain extra income, and kidnap and traffic Asian women to fill vacant wards for St. Vincent Catholic Hospital for huge profits, and get extra income from private work.
>
> The United States has a long history of colonization and slavery, brutal colonial rulers to the people of the colonies, cruel slave owners to slaves, to humiliate their husbands by looting and raping their women. When their husbands resist, they will be shot.
>
> When the Fairfield police kidnapped me in 2016 and 2020, he and I knew very well that he resisted and would be shot dead by the conspiring and brutal police;
>
> And this kind of arbitrary violation of human rights is happening in the United States in the 21st century.

Obj. at 17.

Defendants argue that Ms. Li must comply with her discovery obligations and substantiate her claim that her husband did not comment on her mental health to Officer Peck. Mot. at 19.

The Court disagrees.

The Court will not require Ms. Li to provide evidence, in the form of an answer to an interrogatory, that Mr. Chen did not make a certain comment, as Defendants can simply depose Mr. Chen on the matter.

Accordingly, the Court will deny Defendants' motion as to Interrogatory No. 22.

### G. Town Interrogatory No. 23

In Town Interrogatory No. 23, the Town Defendants seek to identify:

> [E]ach and every statement in Officer Peck's report, dated June 29, 2020, that you claim to be false and, for each such identified statement, provide an explanation why it is supposedly false, provide your version of each portion of the report you identify as false and identify all evidence supporting your version.

Town Requests at 10 ¶ 23. Ms. Li responded that "[t]he emails written by the plaintiff and her husband to the police chief clearly stated all the lies that Peck and Newkichen wrote in the 2016 and 2020 police reports." Obj. at 18.

Defendants argue that Ms. Li may not vaguely refer to prior communications in response to this interrogatory, and that she must state with particularity the statements in Officer Peck's report with which she disagrees. Mot. at 20.

The Court agrees.

Ms. Li cannot respond to this interrogatory—which inquires about the details of a claim she made about Officer Peck's report containing false statements—by incorporating unidentified e-mails. *See Passenti v. Veyo, LLC*, No. 21-CV-01350 (SRU), 2022 WL 17261411, at *4 (D.

Conn. Nov. 29, 2022) ("Answers to interrogatories that incorporate other documents by reference are strongly disfavored. Reference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive." (quoting *Trueman v. New York State Canal Corp.*, No. 1:09-cv-049 (LEK) (RFT), 2010 WL 681341, at *3 (N.D.N.Y.  Feb. 24, 2010))).

Accordingly, the Court will grant Defendants' motion as to Town Interrogatory No. 23. Ms. Li must identify which statements from Officer Peck's report that she is claiming are false and provide an explanation of why she believes it to be false, her version of events for each false statement, and any evidence she has to support her version of events.

### H.  Town Interrogatory No. 24

In Town Interrogatory No. 24, the Town Defendants request: "[a]s to the allegations of Complaint Page 47, Paragraph 78, please state whether there were 'noodles' in your back yard on June 29, 2020, the precise location in the backyard in which the noodles were located and, if so, how the noodles got to the back yard?" Town Requests at 10 ¶ 24. Ms. Li responded, in part:

> The noodles were ordered at mecha restaurant on the evening of June 27th. When I ate this bowl of noodles on June 28th, I felt that the taste was very strange. My husband never paid attention to the bowl of noodles thrown in the backyard, let alone told the police about the noodles. No one in our house cleaned up the bowl of noodles, but it disappeared later. Why should the police care about the bowl of noodles thrown in my backyard? , and it is emphasized in the police report that my husband told him that I threw noodles in the backyard? Therefore, I can only speculate that the bowl of noodles I threw has something to do with the police conspiracy to bring me to st.Vincent. I Suppose someone detected my phone and deliberately put LSD in that bowl of noodles to frame me into a mental hospital. And because they were afraid of leaving evidence, someone sneaked into my house and took away the bowl of noodles.
> . . .

Obj. at 19.

Defendants argue that Ms. Li must supplement her response with the precise location of the noodles and tangible evidence to substantiate her response, citing their Request for Production No. 6. Mot. at 20–21; *see also* Town Requests at 12 ¶ 6 ("Any and all records relating to any injuries you claim resulted from the incident alleged in your Complaint, including, but not limited to, medical bills, medical records, or any physician or mental health professional's notes.").

The Court agrees.

Details related to Ms. Li's interaction with Defendants before her transport to St. Vincent's are discoverable, and Ms. Li must fully answer this interrogatory. That said, restaurant receipts are not responsive to Town Request for Production No. 6, a request for records related to Ms. Li's injuries from the incident alleged in her Amended Complaint.

Accordingly, the Court will grant Defendants' motion as to Town Interrogatory No. 24. Ms. Li must provide the precise location of the referenced noodles. Ms. Li is not, however, required to include restaurant receipts in her production of her records of her injuries.

### I.   St. Vincent's Request for Production No. 12

In St. Vincent's Request for Production No. 12, St. Vincent's requests "[a]ll documents that you claim support your allegations that SVMC engaged in anti Asian hate or bias regarding the alleged events of June and July of 2020." St. Vincent's Requests at 13 ¶ 12. Ms. Li responded: "[t]he defendants and the defendant's lawyers treated the plaintiff as a non-person, defamed, stigmatized, kidnapped, imprisoned, murdered, tortured, conducted unknowing drug experiments, and maliciously violated the plaintiffs constitutionally protected civil rights, privacy rights, and self-determination rights." Obj. at 40. And, according to St. Vincent's, Ms. Li has not produced any documents in response. Mot. at 18.

Defendants argue that Ms. Li must supplement her response with clarification regarding whether she intends to produce any responsive documents. Mot. at 18–19.

The Court agrees.

Under Rule 34, Defendants may request documents relevant to Ms. Li's claim. As Ms. Li claims that St. Vincent's engaged in anti-Asian hate during the incident at issue, *see, e.g.*, Am. Compl. at 32 ¶ 101, Defendants are entitled to any documents supporting that allegation.

Accordingly, the Court will grant Defendants' motion as to St. Vincent's Request for Production No. 12. Ms. Li must produce any responsive documents in her possession, custody, or control or state that no responsive materials exist.

Finally, the Court notes that several of Ms. Li's responses to Defendants' discovery requests express concerns about disclosing certain information to Defendants. *See, e.g.*, Obj. at 23, 30. Thus, the Court will use its broad discretion to manage the discovery process, *see e.g.*, *EM Ltd.*, 695 F.3d at 207, and require Defendants to file a proposed protective order to ensure the appropriate confidentiality and protection of the information, documents, and other materials produced during discovery.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to compel is **GRANTED in part DENIED in part**.

Defendants' motion is **DENIED** as to Town Interrogatories Nos. 14, 18, 22, 27, and 28 and as to St. Vincent's Interrogatory Nos. 4 and 21. Defendants' motion is **GRANTED** as to Town Interrogatories Nos. 5, 6, 7, 11, 13, 15, 17, 20, 23, 24, and 25 and as to St. Vincent's Interrogatories Nos. 3(a), 3(b), 8, 9, 13, 17, 22, and St. Vincent's Request for Production No. 12. Defendants are ordered to file a proposed protective order consistent with this Ruling and Order

by **May 3, 2024**. Ms. Li is ordered to supplement her responses to Defendants' discovery requests by **May 10, 2024**.

If Ms. Li fails to comply with this order, the Court may consider any of the range of sanctions available to it. *See Valentini*, 2013 WL 4407065, at *2 ("The range of sanctions available to a court includes—but is not limited to—'orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the "disobedient" party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting a default judgment against the disobedient party; or entering an order of contempt.'" (quoting *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 195 (E.D.N.Y. 2010))).

**SO ORDERED** at New Haven, Connecticut, this 19th day of April, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE