UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONGMEI LI,
    *Plaintiff*,

v.

RICHARD PECK ET AL.,
    *Defendants*.

No. 3:21-cv-996 (VAB)

**RULING AND ORDER ON MOTION FOR RECUSAL**

On May 5, 2024, Dongmei Li ("Plaintiff"), *pro se*, moved to recuse and disqualify the Court in this case. Mot. for Disqualification of Judge Victor A. Bolden, ECF No. 220 ("Mot.").

For the following reasons, Ms. Li's motion for recusal is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes familiarity with the factual background and procedural history.

**II.    STANDARD OF REVIEW**

Parties may move for judicial recusal on account of "a personal bias or prejudice either against [the party] or in favor of any adverse party. . . ." 28 U.S.C. § 144. Such a motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." *Id*.

Section 455 of the United States Judicial Code further governs the recusal of federal judges, providing a non-exhaustive list of reasons for recusal, including: having prejudice against the party, serving as a lawyer in the matter while in private practice, and holding a financial interest in the matter. 28 U.S.C. § 455.

The Second Circuit has recognized that "[d]iscretion is confided in the district judge in the first instance to determine whether" disqualification is appropriate, as "[t]he judge presiding

over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)). In deciding whether to recuse, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [the judge's] presiding over their case." *Id.* (citation omitted). "Litigants are entitled to an unbiased judge; not to a judge of their choosing." *Id.*

### III.  DISCUSSION

Judges are generally presumed to be impartial and "there is a substantial burden on the moving party to show that the judge is not impartial." *McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1522, 1522 (D. Conn. 1991). Recusal motions also should not be used as "strategic devices to judge shop." *Id.* (quoting *Lamborn v. Dittmer*, 726 F. Supp. 510, 515 (S.D.N.Y. 1989)). Judges must be free to make rulings on the merits without apprehension that they may have created the appearance of bias. *Id.* Indeed, judges are "as much obliged not to recuse [them]self when it is not called for as [they are] obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

"An application for the disqualification of a judge must rest on a factual basis and not on the whim of a litigant who asserts vague contentions." *Hunt v. Mobil Oil Corp.*, 557 F. Supp. 368, 376 (S.D.N.Y. 1983), *aff'd*, 742 F.2d 1438 (2d Cir. 1983). Moreover, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Extrajudicial conduct means "conduct

arising from something outside of rulings or statements made by the trial judge in the course of his judicial duties." *In re IBM*, 618 F.2d 923, 927 (2d Cir. 1980).

Here, Ms. Li "requests that Judge Victor A. Bolden hold no further hearing on the motion or the lawsuit and that another district court judge be assigned to hear and rule on the motion and all further proceedings in the case." Mot. at 12.

The Court will address each of Ms. Li's stated reasons for requesting the Court's recusal.

First, Ms. Li alleges that the Court failed to comply with federal hate crime statutes, specifically the COVID-19 Hate Crimes Act, and declined to criminally prosecute suspects in this case. *Id.* at 2. That is not a function of this Court, as the Court does not have the authority to "criminally prosecute suspects" in this case or any other case. *See, e.g.*, *Baumgarten v. Suffolk Cnty. Sheriff's Dep't*, No. 12-CV-0941 (JS) (AKT), 2014 WL 1668474, at *2 (E.D.N.Y. Apr. 25, 2014) ("[T]he Court [cannot] order that criminal charges be lodged against Defendants . . . ."); *Harris v. N.C.P. Dep't, Detective Div.*, No. 06-CV-5586 (SLT) (LB), 2007 WL 1540232, at *1 (E.D.N.Y. May 24, 2007) ("[T]his Court does not have the authority to bring criminal charges . . . .").

Second, Ms. Li alleges that the Court has (1) granted all of Defendants' motions and denied all of her motions; (2) denied her motions for default entry; (3) stayed discovery twice; (4) dismissed fifty of the fifty-five Defendants; and (5) threatened to sanction Ms. Li. Mot. at 2–3. Ms. Li also alleges that the Court "unbalanced the information" between the parties and colluded with Defendants "to deny the plaintiff federal subject matter and personal jurisdiction under 12b(l) and 12b(2)."[1] *Id.* at 3. The Court's rulings are not an extrajudicial source upon which a party may base a motion for recusal. *See McCann*, 775 F. Supp. at 1522 ("A judge must

---

[1] The Court assumes that Ms. Li is referring to the Court's various discovery orders, ECF Nos. 199, 207, 214, and the Court's Ruling and Order on Defendants' motions to dismiss, ECF No. 140.

3

be free to make rulings on the merits without the apprehension that if he makes a decision, even a disproportionate number of decisions, in favor of one litigant, he may have created the impression of bias."). Additionally, the Court considering whether sanctions may be warranted, *see* Ruling and Order on Defs.' Mot. to Compel at 2, ECF No. 214 ("If Ms. Li fails to comply with this order, the Court may consider any of the range of sanctions available to it."); Order Striking Exhibit, ECF No. 201 ("If Ms. Li cannot abide by these rules, the Court may consider whether some other form of sanction, beyond striking the submission of inappropriate filings, is warranted."), "is not grounds for recusal." *Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2023 WL 4373261, at *1 (S.D.N.Y. June 26, 2023) ("[A] judge's statement that sanctions could be awarded is not grounds for recusal." (internal quotation marks omitted) (quoting *DeMartino v. N.Y. State Dep't of Lab.*, 167 F. Supp. 3d 342, 352 (E.D.N.Y. 2016))).

Third, Ms. Li alleges that the Court colluded with Defendants to deprive her of her constitutionally protected right to a jury. Mot. at 3. Ms. Li has not identified any basis—let alone a factual basis—for this allegation. Further, this case is set for jury selection on September 9, 2024. *See* Scheduling Order, ECF No. 165.

Fourth, Ms. Li alleges that the Court attempted to force the parties to settle. Mot. at 3. The Court referring the parties to a United States Magistrate Judge to determine "whether this matter [could] be resolved without extensive litigation," ECF Nos. 167, 168, is not grounds for disqualification. *See Phillips v. AWH Corp.*, No. 97-CV-00212 (MSK) (CBS), 2007 WL 4287732, at *2 (D. Colo. Dec. 5, 2007) ("[T]his court's efforts to encourage settlement do not give rise to an objective appearance of bias or prejudice, and do not warrant disqualification.").

Fifth, Ms. Li alleges that the Court colluded with Defendants against her and to "commit hate crimes against the plaintiffs' race and religion." Mot. at 3. Ms. Li has not identified any

4

factual basis for these allegations. Ms. Li has not presented any facts from which it could be inferred that the Court's decisions stem from her race or religion or from a relationship between the Court and any of these Defendants, rather than the Court's assessment of the merits of the case. *See Hunt*, 557 F. Supp. at 376–77 ("An application for the disqualification of a judge must rest on a factual basis and not on the whim of a litigant who asserts vague contentions. . . . There must be factual content to the allegations upon which recusal is sought before a judge's impartiality might reasonably be questioned." (internal quotation marks omitted)).

      Sixth, Ms. Li alleges that the Court failed to comply with federal rules and regulations, specifically the Federal Rules of Civil Procedure, and created false discovery standards to help Defendants conceal information. Mot. at 3–4. Again, Ms. Li has not identified any factual basis for this allegation, nor has she cited to any rulings or statements made by the Court that do not adhere to the Federal Rules of Civil Procedure, including the rules regarding discovery. In any event, any such rulings or statements made by the Court in the course of official duties are not "extrajudicial conduct" as required for a motion for recusal. *See Grinnell*, 384 U.S. at 583.

      Seventh, Ms. Li alleges that the Court threatened Ms. Li and frightened her. Mot. at 4. "The test [for the disqualification of a judge] is not the subjective feelings of the plaintiffs." *Hunt*, 557 F. Supp. at 376. Other than the "threat" of sanctions, as addressed above, Ms. Li has not provided any factual basis for her allegation that the Court threatened her, and she cannot rely on a vague contention that she is frightened by the Court as grounds for recusal.

      Finally, Ms. Li alleges that the Court engaged in *ex parte* communications with Defendants. Mot. at 10. To support this allegation, Ms. Li cites to the following portion of an Order by the Court:

> If Ms. Li wishes to litigate this case by herself without the assistance of counsel, she must conduct herself--including in the tone and

> substance of her correspondence--in a manner consistent with how counsel would conduct themselves. As a result, just as counsel for a party should not be directly contacting a party represented by counsel on matters related to ongoing litigation, *see* Conn. Rules of Prof. Conduct 4.2, Ms. Li should not be reaching out to officials or other employees with the Town of Fairfield, or any other remaining Defendant, regarding issues in this case, even though she is not a lawyer. Ms. Li should instead work with and through counsel (or someone working with counsel, such as a paralegal) on any matters related to this case. Likewise, similar to the spirit of collegiality expected by counsel in a case, *see* Conn. Rules of Prof. Conduct 3.4 (requiring fairness to opposing counsel), Ms. Li should refrain from threatening counsel (or someone working with counsel, such as a paralegal) with additional lawsuits because of discovery responses or other responses from the Defendants, through their counsel or otherwise, not to her liking. In particular, to the extent Ms. Li believes that any discovery provided, such as an audio recording, does not accurately reflect her understanding of events. Any such factual dispute is best addressed through the litigation process, *i.e.*, obtaining independent verification of any such alleged inaccuracy, rather than relying simply on Plaintiff's own understanding of any particular event.

Order, ECF No. 177. Although it is unclear how this Order "fully demonstrates that Judge Bolden colluded with the defendants," Mot. at 11, an order by the Court—conduct that is, by definition, not extrajudicial—cannot reasonably be cited as a factual basis for an allegation of personal bias or prejudice.

Accordingly, the Court will deny Ms. Li's motion for disqualification.

## IV. CONCLUSION

For the foregoing reasons, Ms. Li's motion for recusal is **DENIED.**

**SO ORDERED** at New Haven, Connecticut, this 17th day of May, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE