# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DONGMEI LI,
    *Plaintiff,*

    v.

RICHARD PECK, et al.,
    *Defendants.*

No. 3:21-cv-996 (VAB)

## RULING AND ORDER ON MOTION TO DISMISS

Dongmei Li ("Plaintiff" or "Ms. Li") has sued, *pro se*, Richard Peck, American Medical Response, Inc. ("AMR"), Mackenzie D'Iorio, St. Vincent's Medical Center ("SVMC" or "St. Vincent's"), and the Town of Fairfield (collectively with Mr. Peck, the "Remaining Town Defendants") (collectively with Mr. Peck, AMR, and St. Vincent's, the "Defendants") for violations of her state and federal constitutional rights and for false imprisonment. *See* Amd. Compl., ECF No. 8 (July 30, 2021) ("Amd. Compl."); Ruling and Order on Mots. to Dismiss, ECF No. 140 (Aug. 11, 2022).

The Remaining Town Defendants now move to dismiss the Amended Complaint due to Ms. Li's "failure to comply with her mandatory discovery obligations and her demonstrated non-compliance with the most basic federal practice rules." Motion to Dismiss, ECF No. 317 (Nov. 20, 2024). Co-Defendants AMR, Mackenzie D'Iorio, and St. Vincent's have moved to join the Town Defendants' motion to dismiss. AMR and Mackenzie D'Iorio's Joinder in Motion to Dismiss, ECF No. 318 (Nov. 26, 2024); St. Vincent's Joinder in Motion to Dismiss, ECF No. 319 (Dec. 4, 2024).

For the reasons stated below, the Remaining Town Defendant's motion to dismiss, and AMR, Mackenzie D'Iorio, and St. Vincent's motions for joinder are **GRANTED**. The Amended

Complaint is **DISMISSED WITH PREJUDICE** and all pending motions, ECF Nos. 293, 294, 303, 305, and 308 are **DENIED AS MOOT**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Allegations

The Court assumes the parties' familiarity with the factual history of this case as laid out in the Court's Ruling and Order on Motions to Dismiss, ECF No. 140 at 3–9 (Aug. 11, 2022).

### B.     Procedural History[1]

On July 21, 2021, Ms. Li filed a Complaint *pro se*. Complaint, ECF No. 1

On July 30, 2021, Ms. Li filed an Amended Complaint *pro se* against the State of Connecticut, the State Department of Public Health, the State Department of Mental Health and Addiction Services, former State Department of Mental Health and Addiction Services Commissioner Miriam E. Delphin-Rittmon, Chief State's Attorney Richard Colangelo, and Fairfield State's Attorney Joseph T. Corradino ("State Defendants"); the Town of Fairfield, the Town of Fairfield Board of Education, Anthony Formato, Morgan Rhodes, the Fairfield Police Department, Chris Lyddy, Lance Newkirchen, Edward Kovac, Richard Peck, and the Fairfield Emergency Communications Center ("Town Defendants"); St. Vincent's Medical Center ("SVMC"); Rachel Bouteiller, Fayoia Carmichael, Margaret Chuckta, Lori Dube, Jingchun Liu, Bonnie Perez, Nadine Ritt, Jernesha Wright, Dr. Audrey Harrell, Dr. Ryan Liberman, Dr. Bujji B. Surapaneni, Dr. Christopher M. Orelup, Dr. Simon A. Ovanessian, Dr. Kelechi Ogbonna, Dr. Roger Jou, Cynthia Anderson, Andrew E. Bertolozzi, Cynthia Campbell, Barbara McConachie, Christina Pannone, and James Richards ("SVMC Defendants I"); and Kellie Clomiro, Patricia Galich, Bruny Jacques Germain, Rahul Gupta, Sharon Hasbani, Lilliana Hernandez, Dora Orosz,

---

[1] The Court notes that this is not an exhaustive list of all of the events that have occurred during the length of this prolonged case, but rather reflects what the Court deems relevant to this ruling and order on the motion to dismiss.

Melissa Ortiz, and Clifford Schwartz ("SVMC Defendants II"); AMR, Bret Jackson, MacKenzie

D'Lorio, and James P. Zwally ("AMR Defendants"); Lei Li; Dr. Raj K. Bansal; Dr. Amanda M.

Sandrew; and Stephanie A. Sirois.

On November 9, 2021, the State Defendants moved to dismiss the Amended Complaint.

State Defs.' Joint Mot. to Dismiss, ECF No. 26.

On December 13, 2021, Lei Li filed a second motion to dismiss. Def. Lei Li's Mot. to

Dismiss, ECF No. 47.

On December 13, 2021, the Town Defendants filed a third motion to dismiss. Fairfield

Defs.' Mot. to Dismiss, ECF No. 50.

On December 15, 2021, the Town Defendants also moved to stay discovery, pending the

Court's disposition of their motion to dismiss. Mot. for Stay of Discovery, ECF No. 55.

On December 29, 2021, Dr. Bansal filed a fourth motion to dismiss. Mot. to Dismiss,

ECF No. 57.

On January 4, 2022, the Court stayed any discovery or responses to any discovery already

served until the resolution of any and all pending motions to dismiss in this case. Order, ECF No.

62.

On that same day, the Court subsequently denied the Town Defendants' motion to stay

discovery as moot. Order, ECF No. 63 (Jan. 4, 2022).

On January 7, 2022, Dr. Sandrew filed a fifth motion to dismiss. Amanda Sandrew,

D.O.'s Rule 12(b) Mot. to Dismiss, ECF No. 68.

On January 9 and 11, 2022, Ms. Li moved for default entry against twenty-two (22)

different defendants. Motions for Default Entry, ECF Nos. 75–92, 96–99. On January 19, 2022,

the Court denied the motions for default entry, except for the motion for default entry against Ms. Sirois, ECF No. 75. Orders, ECF Nos. 106–08.

On January 10, 2022, the AMR Defendants filed a sixth motion to dismiss. Mot. to Dismiss, ECF No. 94.

On January 24, 2022, SVMC filed a seventh motion to dismiss. Mot. to Dismiss, ECF No. 111.

On January 24, 2022, SVMC Defendants I filed an eighth motion to dismiss. Mot. to Dismiss, ECF No. 113.

On the same day, SVMC Defendants II filed a ninth motion to dismiss. Mot. to Dismiss, ECF No. 116 (Jan. 24, 2022).

On August 11, 2022, the Court granted the State Defendants', Lei Li's, Dr. Bansal's, Dr. Sandrew's, the SVMC Defendants I's, and the SVMC Defendants II's motions to dismiss; granted in part and denied in part the Town Defendants', the AMR Defendants', and St. Vincent's motions to dismiss; and denied Ms. Li's motion for default entry against Ms. Sirois. Order, ECF No. 140. This left Officer Peck, Mr. D'Lorio, the Town of Fairfield, American Medical Response, Inc., and St. Vincent's Medical Center as the only remaining defendants. *Id.*

On August 18, 2022, Ms. Li moved for reconsideration of the Court's motion to dismiss and default entry decision, Order, ECF No. 140. Motion for Reconsideration, ECF No. 142.

On September 6, 2022, the parties allegedly met for a Rule 26(f) telephonic conference where they allegedly "found themselves at odds with respect to, inter alia, the contours of discovery and, more generally, the fundamental purpose for the call." Memorandum in Support of Motion to Dismiss, ECF No. 317-1 (Nov. 20, 2024) ("Mem.").

On September 7, 2022, Ms. Li filed a notice of interlocutory appeal of the Court's motion to dismiss and default entry decision, Order, ECF No. 140. Notice of Interlocutory Appeal, ECF No. 144.

On September 9, 2022, Ms. Li moved for default entry again against the Defendants. Second Motion for Default Entry, ECF No. 146.

Allegedly on the same day, when "SVMC's counsel reminded plaintiff of the impending September 12, 2022 [Rule 26(f)] Report deadline . . . Plaintiff responded that she was not in agreement with the draft Report, notwithstanding its inclusion of all terms discussed and agreed to during the telephone conference held September 6, 2022. . . The disagreement concluded after plaintiff threatened legal action and sanctions against SVMC's counsel." Mem. at 3.

On September 12, 2022, Ms. Li filed a report of the Rule 26(f) planning meeting. Report, ECF No. 147.

On the same day, the Defendants filed a separate report of the Rule 26(f) planning meeting. Report, ECF No. 148.

On September 13, 2022, St. Vincent's filed a notice regarding the separate Rule 26(f) reports. Notice, ECF No. 149.

On September 15, 2022, the Defendants filed a motion to stay proceedings and discovery pending Ms. Li's interlocutory appeal, ECF No. 144. Motion to Stay, ECF No. 150.

On September 16, 2022, St. Vincent's filed a motion for extension of time to provide initial disclosures. Motion for Extension of Time, ECF No. 151.

On September 17, 2022, the Court granted St. Vincent's motion for extension of time. Order, ECF No. 152.

On September 27, 2022, Ms. Li filed an objection to the Court's order granting the motion for extension of time. First, Ms. Li asked the Court to sanction St. Vincent's counsel Jonathan Kocienda because he allegedly did not attend the Rule 26(f) meeting and allegedly was not entitled to file the Rule 26(f) Report. *Id.* at 3. Second, Ms. Li argued that because the Defendants' Rule 26(f) report was allegedly filed "unilaterally" and "only including the defendant's position and signature" that the Defendant's Rule 26(f) Report was illegal. *Id.* Ms. Li also argued that the motion for stay of discovery was illegal because "an application for interlocutory appeal shall not stay the proceedings in the district court," and asked the Court to withdraw its Order granting the motion for extension of time and the motion to stay.[2] *Id.*

On September 29, 2022, Ms. Li filed a motion for sanctions against various counsel for the Defendants for allegedly failing to attend the Rule 26(f) meeting, not providing the names and contacts for people listed in various reports provided by the Defendants, and submitting a "unilateral defendants' report". Motion for Sanctions, ECF No. 154.

On October 6, 2022, the Court denied Ms. Li's motion for reconsideration, ECF No. 142, and motion for default entry, ECF No. 146; granted the Defendants' motion to stay discovery, ECF No. 150; and denied as moot Ms. Li's motion for sanctions, ECF No. 154. Order, ECF No. 155.

That same day, Ms. Li filed an objection to the Motion to Stay, ECF No. 150. Objection, ECF No. 156.

On October 21, 2022, Ms. Li filed a notice of interlocutory appeal as to the Court's October 6, 2022, Order, ECF No. 155.

---

[2] The Court notes however, that the Court had not granted the motion to stay at the time Ms. Li. Filed her objection. *Compare* Motion for Extension of Time, ECF No. 151 (Sept. 16, 2022), Order Granting Motion for Extension of Time, ECF No. 152 (Sept. 17, 2022), *and* Objection, ECF No. 153 (Sept. 27, 2022) *with* Order, ECF No. 155 (Oct. 6, 2022) (granting various motions including Motion to Stay, ECF No. 150).

On January 27, 2023, the Second Circuit Court of Appeals dismissed Ms. Li's notices of interlocutory appeal, ECF Nos. 144 and 158. Mandate of USCA, ECF No. 160.

On March 17, 2023, the Defendants moved for a Rule 16 Scheduling Conference. Motion, ECF No. 161.

On March 21, 2023, the Court granted the motion for a Rule 16 Scheduling Conference and set the conference for April 6, 2023. Order, ECF No. 162.

On April 6, 2023, the Court held the Rule 16 Scheduling Conference, set various deadlines including a deadline for discovery, and set a status conference for June 13, 2023. Scheduling Order, ECF No. 165.

On April 19, 2023, the parties met before Magistrate Judge William I. Garfinkel to discuss settlement. *See* Order, ECF No. 167 (April 7, 2023) ("The Court *sua sponte* directs the Clerk of Court to refer this case to U.S. Magistrate Judge William Garfinkel for discussion with the parties whether this matter can be resolved without extensive litigation."); Minute Entry, ECF No. 170 (April 19, 2023) ("Minute Entry for proceedings held before Magistrate Judge William I Garfinkel: Telephonic Scheduling Conference held on 4/24/2023. Total time: 15 minutes"). Allegedly, during this conference, "plaintiff demanded a sum of at least eight hundred million dollars ($800,000,000.00), which concluded the proceeding." Mem. at 4.

On June 5, 2023, Ms. Li filed an exhibit list on the docket. First Exhibit List, ECF No. 172.

On June 9, 2023, St Vincent's file a motion to withdraw Robert O. Hickey, Esq. as their attorney. Motion, ECF No. 173.

On June 12, 2023, the Court granted St. Vincent's motion to withdraw. Order, ECF No. 174.

On that same day, the Town of Fairfield and Richard Peck filed an objection to Ms. Li's exhibit list mentioning various correspondences between the parties where Ms. Li accused the Defendants of doctoring evidence and violating the law, and threatened legal action against law Defendants' counsel's law firm staff. ECF No. 175.

On that same day, Ms. Li filed an objection to the motion to withdraw. Objection, ECF No. 176.

On June 13, 2023, following the status conference held that day, the Court overruled Ms. Li's objection to the motion to withdraw, ordered that the case caption be updated to reflect the remaining defendants, that the Defendants respond to Ms. Li's discovery requests, and informed Ms. Li that "she must conduct herself--including in the tone and substance of her correspondence--in a manner consistent with how counsel would conduct themselves," and that she "should refrain from threatening counsel (or someone working with counsel, such as a paralegal) with additional lawsuits because of discovery responses or other responses from the Defendants, through their counsel or otherwise, not to her liking." Order, ECF No. 177. The Court also set a discovery conference for July 27, 2023. *Id.*

On July 25, 2023, the Court reset the July 27, 2023, discovery conference for July 28, 2023. Notice, ECF No. 188.

On July 27, 2023, Ms. Li filed a motion to compel the Defendants to fully disclose information requested, to sanction any parties that refuse to comply with the Court's order to disclose, and to pursue criminal charges. Motion to Compel, ECF No. 189 at 4.

On July 28, 2023, the Court held its discovery status conference and ordered the Defendants to file their responses to Ms. Li's discovery requests and any outstanding discovery

requests from Ms. Li so that the Court can rule on Ms. Li's motion to compel and oral objections to the Defendant's discovery requests. Order, ECF No. 191.

In response to the Court's July 28, 2023, Order and in objection to Ms. Li's motion to compel, the Defendants submitted multiple filings. *See* Response, ECF No. 193 (July 28, 2023); Notice, ECF No. 194 (July 28, 2023); Objection, ECF No. 195 (July 28, 2025); Supplemental Objection, ECF No. 196 (Aug. 1, 2023); Objection, ECF No. 197 (Aug. 1, 2023); Objection, ECF No. 198 (Aug. 11, 2023).

On August 18, 2023, the Court denied Ms. Li's motion to compel, finding that the Defendants' responses to Ms. Li's interrogatories were adequate, but that she may submit additional interrogatories. The Court also ordered Ms. Li to respond to the Defendants' discovery requests by September 22, 2023. Order, ECF No. 199.

On September 4, 2023, Ms. Li filed a second exhibit finding of fact and conclusion of law on the docket. Second Exhibit, ECF No. 200.

On September 5, 2023, the Court struck Ms. Li's second exhibit finding of fact and conclusion of law as incorrectly filed with the Court. The Court noted that if Ms. Li cannot abide by the Federal Rules of Civil Procedure, "the Court may consider whether some other form of sanction, beyond striking the submission of inappropriate filings, is warranted." Order, ECF No. 201.

On November 1, 2023, Ms. Li filed a second motion to compel. Second Motion to Compel, ECF No. 202.

On December 4, 2023, the Court denied Ms. Li's second motion to compel "[a]s the discovery requested has been provided, or otherwise not sought consistent with the Federal Rules of Civil Procedure." Order, ECF No. 207.

On January 30, 2024, the Defendants' filed a joint motion to compel. Joint Motion to Compel, ECF No. 208.

On April 19, 2024, the Court granted in part and denied in part the joint motion to compel, ordered the Defendants to file a proposed protective order, and ordered Ms. Li to supplement her responses to the Defendants' discovery requests. Order, ECF No. 214.

On April 26, 2024, the Town of Fairfield and Richard Peck filed their Answer to the Amended Complaint. Answer, ECF No. 216.

On April 30, 2024, AMR and Mackenzie D'Iorio filed their Answer to the Amended Complaint. Answer, ECF No. 216.

On May 3, 2024, the Defendants filed a proposed protective order. Proposed Order, ECF No. 217.

On that same day, Dr. Sandrew filed a motion to withdraw attorneys Rebecca Brindley and Eric Stockman. Motion to Withdraw, ECF No. 218.

On May 4, 2024, Ms. Li filed a motion to vacate the Court's order on the joint motion to compel, ECF No. 214; the Defendants' proposed order, ECF No. 217; and the Court's order on the motions to dismiss, ECF No. 140. Motion to Vacate, ECF No. 219.

On May 5, 2024, Ms. Li filed a motion to disqualify Judge Victor A. Bolden. Motion to Disqualify, ECF No. 220.

On May 6, 2024, Ms. Li filed a motion to vacate the Court's orders denying default entry, ECF Nos. 106–08, 140 and to grant the motions for default entry. Motion to Vacate, ECF No. 221.

On May 7, 2024, the Court granted Dr. Sandrew's motion to withdraw. Order, ECF No. 222.

On that same day, Raj K. Bansal filed a motion to withdraw attorneys O'Connor and Maiocco.

On May 8, 2024, the Court granted Raj K. Bansal's motion to withdraw. Order, ECF No. 224.

On May 17, 2024, Ms. Li filed another motion to vacate the Court's order on the motions to dismiss, ECF No. 140, and the Court's orders granting motions to withdraw, ECF Nos. 222, 224. Motion to Vacate, ECF No. 225.

On that same day, the Court denied Ms. Li's motion to disqualify, ECF No. 220. Order, ECF No. 227.

On May 19, 2024, Ms. Li filed a motion to vacate the Court's order on the motion to disqualify. Motion to Vacate, ECF No. 228.

On May 20, 2024, the Court treated Ms. Li's motion to vacate, ECF No. 228, as a motion for reconsideration of her motion to disqualify and denied the motion. Order, ECF No. 229.

On May 21, 2024, the Court denied Ms. Li's remaining motions to vacate, ECF Nos. 219, 221, and 225. Order, ECF No. 230.

On that same day, the Court adopted the Defendant's proposed protective order, ECF No. 217. Protective Order, ECF No. 232.

On May 29, 2024, Ms. Li filed a motion for a proposed rule for deposition method. Motion for Proposed Rule, ECF No. 233.

On that same day, Ms. Li filed a motion for a temporary restraining order. Motion for TRO, ECF No. 234.

On May 30, 2024, the Defendants filed a motion to compel. Motion to Compel, ECF No. 236.

On June 2, 2024, Ms. Li filed a motion to compel. Motion to Compel, ECF No. 236.

On June 5, 2024, the Court granted Ms. Li's motion for proposed rule, ECF No. 233, motion for TRO, ECF No. 234, and granted in part and denied in part the Defendant's motion to compel, ECF No. 235. Order, ECF No. 237. The Court ordered the Defendants to "try to reach agreement with Ms. Li about a deposition procedure for her deposition and that of her family members, and file a proposed protective order, by June 14, 2024," and ordered Ms. Li to "to submit any outstanding responses to Defendants' discovery requests as ordered in the Court's Ruling and Order on Defendants' motion to compel, ECF No. 214, or the sanctions that the Court warned Ms. Li of in that Ruling and Order may be imposed." *Id.*

On June 14, 2024, the Defendants filed a joint motion for a stipulated protective order and their proposed protective order. Motion for Protective Order, ECF No. 239. In this motion, the Defendants alleged that they tried to contact Ms. Li to coordinate a deposition, however they "unable to obtain plaintiff's agreement as to material terms related to her deposition." Mem. at 9.

On that same day, Ms. Li filed a motion for clarification of the Court's June 13, 2023, order amending the case caption to reflect the remaining defendants, ECF No. 177. Motion for Clarification, ECF No. 241.

Allegedly on that same day, Ms. Li "insisted via email that defendants make their clients – including those who have long been dismissed as parties to this case – available for depositions held at consecutive one-hour intervals on dates that included Saturdays, June 15 and 22, 2024, and Sundays, June 16 and 23, 2024. . . Notably, plaintiff [allegedly] issued no subpoenas or notices in connection with these proposed depositions, which also never were discussed with counsel prior to circulation of plaintiff's purported deposition schedule. . . . [allegedly] those

depositions did not proceed." Mem. at 10; Exhibits 1–5 to Motion for Sanctions, ECF No. 242 (June 16, 2024).

On June 16, 2024, Ms. Li filed a motion for sanctions. Motion for Sanctions, ECF No. 242.

On June 17, 2024, Ms. Li filed another motion for sanctions. Motion for Sanctions, ECF No. 243.

On June 18, 2024, Ms. Li filed a notice of interlocutory appeal of the Court's May 20, 2024 order denying her renewed motion for recusal of Judge Victor A. Bolden, ECF No. 229. Notice of Interlocutory Appeal, ECF No. 244.

On June 23, 2024, Ms. Li filed a motion for prejudgment remedy. Motion for Prejudgment Remedy, ECF No. 245.

On June 29, 2024, the Court denied Ms. Li's motion to compel, ECF No. 236; motion for clarification, ECF No. 241; motion for sanctions, ECF No. 242; and motion for sanctions, ECF No. 243. The Court also granted in part and denied in part the Defendants' motion for a protective order, ECF No. 239. Order, ECF No. 247.

On that same day, the Court adopted in part the Defendant's protective order, ECF No. 239. Protective Order, ECF No. 248.

On July 2, 2024, the Defendants moved for a Rule 16 Scheduling Conference. Joint Motion for Rule 16 Scheduling Conference, ECF No. 249.

On July 3, 2024, the Court granted the Defendants' motion for a Rule 16 Scheduling Conference and set it for July 17, 2024. Order, ECF No. 250.

On that same day, Ms. Li filed a motion to transfer. Motion to Transfer, ECF No. 22.

On July 8, 2024, the Court denied Ms. Li's motion to transfer. Order, ECF No. 253.

On July 11, 2024, St. Vincent's filed their Answer to the Amended Complaint. Answer, ECF No. 257.

On that same day Ms. Li filed a motion to compel the Judge and the Defendants' attorneys to take an oath to the constitution. Motion to Compel, ECF No. 258.

On July 12, 2024, the Court denied as moot Ms. Li's motion to compel given that "every federal judge and admitted attorney already has taken the necessary oaths required by law." Order, ECF No. 259.

On July 16, 2024, Ms. Li filed a motion for sanctions and continue to compel. Motion for Sanctions and Continue to Compel, ECF No. 263.

On that same day, Ms. Li filed a motion requesting the Defendants' provide the certificate and qualification of their hired interpreter. Motion, ECF No. 264.

On July 17, 2024, the Court continued the conference set for that day until July 25, 2024. Minute Entry, ECF No. 266.

On July 19, 2024, in preparation of the July 25, 2024, conference, the Court issued various discovery orders. Order, ECF No. 267.

On July 23, 2024, St. Vincent's filed a motion for advice about their interpreter's qualifications.

On July 24, 2024, the Court granted St. Vincent's motion for advice. Order, ECF No. 269.

On July 25, 2024, the Court ordered that St. Vincent's "identify a representative most knowledgeable about the facts of this case, and who therefore should be deposed." Order, ECF No. 270.

On July 25, 2024, the Court held a status conference. Minute Entry, ECF No. 271.

On July 30, 2024, the Court issued various discovery and scheduling orders and noted that "[a] failure to comply with this Order may result in the imposition of sanctions, if later found justified, including but not limited to dismissal." Order, ECF No. 273 at 3.

On August 9, 2024, the Defendants' moved for entry of a scheduling order. Joint Motion for Entry of Scheduling Order, ECF No. 274.

On that same day, Ms. Li moved for advice regarding the Court's July 30, 2023, order regarding discovery and scheduling. Motion for Advice, ECF No. 275.

On August 12, 2024, the Court granted in part and denied in part the Defendants' motion for a scheduling order, ECF No. 274, and Ms. Li's motion for advice, ECF No. 275. Order, ECF No. 276. The Court noted that Ms. Li "would be well-advised to retain and be represented by counsel, rather than continuing to try and proceed *pro se*[,]" and reiterated that "as noted in the Court's most recent Order, ECF No. 273, 'failure to comply with this Order may result in the imposition of sanctions, if later found justified, including but not limited to dismissal.'" *Id.* The Court also issued a pre-trial scheduling order. *Id.*

On September 25, 2024, Ms. Li filed a motion for sanctions. Motion for Sanctions, ECF No. 279.

On October 21, 2024, Ms. Li filed a motion for clarification about a potential deponent. Motion for Clarification, ECF No. 283.

On October 22, 2024, Ms. Li filed a motion for prejudgment remedy. Motion for Prejudgment Remedy, ECF No. 284.

Allegedly, on October 24, 2024, "[d]efense counsel appeared at the District Court on October 24, 2024, ready to proceed with plaintiff's husband's deposition as scheduled. Defendants allegedly retained a qualified court reporter and a Mandarin interpreter in satisfaction

of their obligations under the federal and local rules and the Order of this Court requiring same. Counsel allegedly waited twenty (20) minutes past the noticed deposition start time, but allegedly neither plaintiff nor her husband appeared. Counsel . . . were allegedly required to compensate the court reporter and interpreter for their travel and attendance time even though the deposition did not proceed." Mem. at 15; Exhibits to Motion for Contempt, ECF No. 294-1 at 65–71.

On October 28, 2024, Ms. Li filed another motion for clarification about a potential deponent. Motion for Clarification, ECF No. 292.

On that same day, Ms. Li filed a motion for sanctions. Motion for Sanctions, ECF No. 293.

On October 30, 2024, St. Vincent's filed a motion to hold Zhong Chen, Ms. Li's husband in contempt. Motion for Contempt, ECF No. 294. In this motion, St. Vincent's allegedly provided evidence that the "defendants . . . succeeded in serving plaintiff's husband with his deposition subpoena at his place of work, about which plaintiff and her husband each [allegedly] expressed . . . outrage in various emails [allegedly] threatening defendants and [allegedly] demanding compensation . . ." Mem. at 14; Exhibits to Motion for Contempt, ECF No. 294-1 at 21, 33, 38, 57. The Defendants allegedly have received no response to their attempts to re-notice Mr. Chen's deposition, and Ms. Li allegedly "never challenged, objected to, or moved to quash the subpoena, nor did she engage in any dialogue with counsel about alternative dates, notwithstanding their multiple requests for this information." Mem. at 14, 15.

On October 31, 2024, Ms. Li filed a motion to order the Defendants' to pay out a maximum insurance amount to her. Motion, ECF No. 296.

On November 1, 2024, the Court denied Ms. Li's motion for sanctions, ECF No. 279, and motion for payment of maximum insurance amount, ECF No. 296 and denied as moot, Ms. Li's motions for clarification, ECF Nos. 292 and 296. Order, ECF No. 297.

On November 3, 2024, Ms. Li filed a motion for sanctions. Motion for Sanctions, ECF No. 298.

On November 4, 2024, the Court denied Ms. Li's motions for prejudgment remedies, ECF Nos. 245 and 284, motion for sanction and motion to compel, ECF No. 263, and motion for sanctions, ECF No. 298, and denied as moot Ms. Li's motion requesting the Defendants' provide the certificate and qualification of their hired interpreter, ECF No. 264. Order, ECF No. 300. In this order, the Court noted that Ms. Li "has been filing numerous motions for sanctions, many of which lack merit, and seeking exorbitant amounts in damages. . . . As a result . . . any further motions for sanctions filed by Plaintiff, which do not indicate a good-faith effort to resolve the dispute before filing, *i.e.*, engaging in genuine and repeated efforts to amicably resolve the dispute with the opposing party, will be summarily denied without any response required by any Defendant." *Id.*

On the same day, Ms. Li filed a motion for the Defendants' to disclose any side contacts with the Court. Motion, ECF No. 301.

Allegedly, on November 5, 2024, Defendants' counsel arrived at the District Court to proceed with depositions of their clients that were allegedly never properly noticed, and allegedly "observed that no stenographer or Rule 28 officer was present, despite prior notice of such requirements. Plaintiff then allegedly shifted the 'blame' for her decision to notice the depositions on the Court, citing Order No. 273, and allegedly shouting at [Defendants' counsel] that the Court 'ordered' her to take these depositions because 'defendants had requested it.' . . .

17

[Allegedly] [a]fter fifteen (15) minutes of attempting to resolve the dispute, [Defendants' counsel] determined that the depositions of the Town deponents could not proceed in the absence of the bare minimum presence of a court reporter or other method of recording the testimony, and a qualified officer capable of placing witnesses under oath. Plaintiff allegedly suggested that she and counsel use the time they had set aside for the depositions to, instead, hold an impromptu off-the-record discovery conference." Mem. at 18–19.

On that same day, the Court denied Ms. Li's motion, ECF No. 301, and "once again urge[d] the Plaintiff not to waste the Court's time filings motions lacking any factual basis." Order, ECF No. 302.

On that same day, Ms. Li filed a motion to revoke the licenses of Dennis Durao and Kimberly Bosses. Motion, ECF No. 304.

On November 6, 2024, Ms. Li filed a motion to revoke the license of Jonathan Longobardis. Motion, ECF No. 306.

On November 7, 2024, the Court denied Ms. Li's motions to revoke licenses, ECF Nos. 304, 306, and reminded Ms. Li "not to waste the Court's time with meritless motions, particularly one where there is no reliance on any court decisions." Order, ECF No. 307.

On November 10, 2024, Ms. Li filed an objection to the Court's November 7, 2024 order denying her motions to revoke licenses, ECF No. 307. Objection, ECF No. 309. In this objection, Ms. Li asked the Court to "comply with federal rules of equal justice and order defendants Fairfield AMR and SVMC to fire their current white attorneys and hire suitable Chinese attorneys from the Connecticut Asian Pacific American Bar Association to take over the case." *Id.* at 3.

On the same day, Ms. Li filed a motion for security of costs. Motion for Security of Costs, ECF No. 310.

On November 12, 2024, AMR and Mackenzie D'Iorio file a motion for permission to bring video equipment into the courthouse for the purpose of videorecording a deposition. Motion, ECF No. 311.

On that same day, the Court granted AMR and Mackenzie D'Iorio's motion for permission to bring video equipment into the courthouse for the purpose of videorecording a deposition, ECF No. 312. Order, ECF No. 312.

On that same day, the Court denied Ms. Li's motion for security of costs, ECF No. 310, and objection treated as a motion for reconsideration, ECF No. 309. Order, ECF No. 313.

Allegedly, on November 12, 2024, Defendants' counsel appeared at the District Court for the scheduled deposition of Ms. Li, at which she allegedly did not appear despite alleged multiple attempts to confirm she would appear. *See* Mem. at 20; Exhibit B to Mem., ECF No. 316-3 (Nov. 20, 2024).

On November 15, 2024, Ms. Li filed a motion for clarification about the deposition referred to in ECF Nos. 311, 312. Motion for Clarification, ECF No. 314.

On the same day, Ms. Li filed a motion for sanctions. Motion for Sanctions, ECF No. 315.

On November 20, 2024, the Remaining Town Defendants filed a motion to dismiss the Amended Complaint, ECF No. 317, and an accompanying memorandum in support of the motion, ECF No. 317-1 ("Mem.").

On November 26, 2024, AMR, and Mackenzie D'Iorio filed a motion to join the Town Defendants' motion to dismiss. AMR and Mackenzie D'Iorio's Joinder in Motion to Dismiss, ECF No. 318.

On December 4, 2024, St. Vincent's filed a motion to join the Town Defendants' motion to dismiss. St. Vincent's Joinder in Motion to Dismiss, ECF No. 319.

On December 11, 2024, the Court summarily denied Ms. Li's motion for clarification, ECF No. 314, and motion for sanctions, ECF No. 315. Order, ECF No. 320.

On January 16, 2025, the Second Circuit Court of Appeals dismissed Ms. Li's notice of interlocutory appeal, ECF No. 244, Mandate of USCA, ECF No. 323.

As of today, Ms. Li has not filed a response to the most recent motion to dismiss or motions for joinder.

## II.    STANDARD OF REVIEW

Courts have "inherent power" to "clear their calendar of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).

But more specifically, Federal Rule of Civil Procedure 37 allows the Court to impose a variety of sanctions for discovery-related abuses and affords the Court "broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002); *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order."). Potential sanctions include, but are not limited to, orders deeming certain facts established, granting a default judgment against the disobedient party, and entering an order of

contempt. *Valentini v. Citigroup, Inc.*, No. 11-CV-1355 (LBS), 2013 WL 4407065, at *2 (S.D.N.Y. Aug. 16, 2013).

When deciding on the appropriate sanction, the Court considers "(1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further noncompliance could result in sanctions." *Kellogg v. J.C. Penney Corp.*, No. 11-CV-733 (RNC), 2013 WL 308985, at *1 (D. Conn. Jan. 25, 2013) (citing *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010)). The Court also should consider whether the moving party has been prejudiced by the noncompliance, "though a showing of prejudice is not a requirement for" the imposition of sanctions under Federal Rule of Civil Procedure 37. *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 178 (D. Conn. 2010).

Under Rule 37(b)(2), if a party fails to comply with discovery orders, a court may "dismiss[] . . . the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The Second Circuit has noted that "'dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the no[n]compliant litigant.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).

In addition, under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is subject to the sound discretion of the district courts. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) ("We do not doubt a district judge's authority to dismiss actions based on a plaintiff's

failure to prosecute."). Dismissal for failure to prosecute "is a harsh remedy" that should "be utilized only in extreme situations." *Id*. at 254.

In considering a 41(b) dismissal, district courts "must weigh five factors:"

> (1) the duration of plaintiff's failures to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citation and quotation marks omitted).

## III.    DISCUSSION

The Court will first address Co-Defendants AMR, Mackenzie D'Iorio, and St. Vincent's motions to join the Remaining Town Defendants' motion to dismiss, and then consider dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

### A.  Motions for Joinder

This Court has inherent authority to manage its docket in order to ensure the expeditious resolution of cases on its docket. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Since the motions to join have been unopposed, and there are no new issues of law or fact that would prejudice Ms. Li, besides a small correction of who served Ms. Li's husband's deposition subpoena, *see* Joinder in Motion to Dismiss and Motion for Sanctions, ECF No. 319 at 1 ("The defendant wishes only to correct one detail. The individual who first attempted to serve the plaintiff's husband with a deposition subpoena was an indifferent person, Eric Rubin of

Connecticut Process Serving, LLC), there is no reason to permit consideration of the motions to dismiss from all of the Defendants together.[3] *See e.g.*, Perez v. City of New York, No. 1:23-CV-00447 (CM), 2024 WL 898943, at *5 (S.D.N.Y. Feb. 29, 2024) ("Plaintiffs do not oppose Defendant Melendez's motion to join the other Defendants' motion to dismiss. Since there are no allegations unique to Defendant Melendez, his joining the other Defendants' motion to dismiss does not raise any new issues of law or fact that would prejudice Plaintiffs. Therefore, Defendant Melendez's motion to join the other Defendants' motion to dismiss is granted.") (citations omitted); *Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.*, 425 F. Supp. 2d 352, 363 (W.D.N.Y. 2006) ("[W]here a motion to join is unopposed, the arguments proffered by the defendant initiating the motion apply equally to all co-defendants, and granting the motion to join will not prejudice the plaintiff, the motion to join is generally granted.").

Accordingly, the motion to join the motion to dismiss brought by the Remaining Town Defendants by any other remaining Defendants will be granted.

### B. Dismissal Under Federal Rule of Civil Procedure 41(b)

Under Rule 41(b) of the federal Rules of Civil Procedure, none of the five factors are dispositive and a court must weigh all of them in determining whether dismissal is appropriate. *See United States ex rel. Drake*, 375 F.3d at 254. "[T]he usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice." *Tenesca v. Gemelli Rest. Grp. Inc.*, No. 19-CV-10976 (AJN), 2021 WL 4041105, at *2 (S.D.N.Y. Sept. 3, 2021) (citing Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of

---

[3] Because the motions for joinder are granted the Court will refer to the arguments made by the Remaining Town Defendants in their motion to dismiss as the arguments of the Defendants generally.

jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.")).

The Defendants argue that all five factors weigh in favor of dismissal.

First, the Defendants argue that Ms. Li's "failure to make any good faith attempt to understand the most basic tenets of federal civil procedure, and her aggressive behavior exhibited towards counsel and their staff has been ongoing since the case's inception," and that she "has defied this Court's various discovery orders since at least March 2024 following the Court's ruling on defendants' Joint Omnibus Motion to Compel." Mem. at 26, 27.

Second, they note that Ms. Li "has been given express notice in writing of the possibility of her case being subject to sanctions, including dismissal, no fewer than five (5) times." Mem. at 30.

Third, the Defendants mention that they have "have wasted exorbitant resources in their unsuccessful endeavor to obtain plaintiff's records and information," and "have been wholly unable to prepare for the depositions of plaintiff, her husband, and her daughter(s), without a complete evidentiary record or, more fundamentally, simple contact information for her adult children." Mem. at 24, 25, 31.

Fourth, the Defendants argue that Ms. Li "has had ample chance to be heard and progress her case forward but has yet to avail herself of any such opportunities. Instead, [she] disproportionately has contributed to further congesting the Court's heavy docket." Mem. at 32.

Fifth, the Defendants argue that dismissal is warranted because "Imposing any sort of monetary sanction on plaintiff, alone, . . . would likely only exacerbate her already insubordinate disposition. And, defense counsel would likely end up being required to prepare additional motions seeking to enforce any monetary sanction imposed on plaintiff or objecting to a motion

to vacate such sanction, which, again, would increase the substantial prejudice they already face and undermine the purpose of a sanction imposed to eliminate, and not encourage, further wasteful and vexatious litigation." Mem at. 33.

The Court agrees.

As to the first factor, regarding the length of the delay, the Second Circuit has found significant delays in complying with court orders warranting dismissal under Rule 41(b) for various lengths of times including periods as short as six months. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming dismissal when "[b]y the end of the six-month period . . . Chira [the plaintiff] had not filed the required list of witnesses, nor had he completed his discovery. Our independent examination of the record, confirmed by Chira's counsel on appeal, reveals that during the six-month period, Chira . . . did absolutely nothing at all to move their case to trial."); *U.S. ex rel. Drake*, 375 F.3d at 255 ("We also agree that plaintiff's 17–month delay was significant. Indeed, this length of time is comparable to, if not longer than, delays that have supported dismissals in other cases."); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 211 (2d Cir. 2001) (holding that the "more egregious" failure to prosecute cases are those that "involve[] delays of many months, in spite of repeated warnings").

On August 18, 2023, the Court first compelled Ms. Li to produce discovery to the Defendants by September 22, 2023. *See* Order, ECF No. 199. Then on April 19, 2024, the Court compelled Ms. Li to supplement her discovery requests by May 10, 2024. *See* Order, ECF No. 214. On June 5, 2024, the Court compelled Ms. Li again to submit outstanding responses to the Defendants by July 12, 2024, or face potential sanctions form the Court. *See* Order, ECF No. 237. Finally, on July 30, 2024, the Court compelled Ms. Li to provide the Defendants with information related to her daughter by August 9, 2024. *See* Order, ECF No. 273.

As of today, Ms. Li has not fully complied with this Court's orders compelling her to respond to the Defendants' discovery requests—making her noncompliant for at least eight months since the Court's most recent August 9, 2024, deadline and nineteen months since the Court's original September 22, 2023, deadline compelling discovery. *See* Mem. at 1 ("various items essential to the defense of this matter remain outstanding from plaintiff's long overdue and judicially ordered discovery compliance"); *id.* at 20 ("As of the date of this filing, plaintiff remains willfully out of compliance with multiple explicit Court Orders . . .").

The failure to comply to the Court's specific orders compelling discovery responses is in addition to countless other instances of Ms. Li's failure to comply with court orders, engage in depositions, or properly and fairly prosecute this case since its inception, and thus the weighing of this factor favors the harsh sanction of dismissal.[4] *See e.g.*, *Chira*, 634 F.2d at 666 (affirming

---

[4] The Court first warned Ms. Li about her noncompliance and misconduct in an order concerning discovery and other matters on June 13, 2023—almost two years ago. *See* Order, ECF No. 177 ("Ms. Li wishes to litigate this case by herself without the assistance of counsel, she must conduct herself--including in the tone and substance of her correspondence--in a manner consistent with how counsel would conduct themselves. . . . Ms. Li should refrain from threatening counsel (or someone working with counsel, such as a paralegal) with additional lawsuits because of discovery responses or other responses from the Defendants, through their counsel or otherwise, not to her liking."). Since then, the Court has had to repeatedly warn Ms. Li about her failure to comply with the Rules of Civil Procedure and orders of this Court, and her general failure to properly litigate this case. *See* Order, ECF No. 201 (Sept. 5, 2023) ("If Ms. Li cannot abide by [the Federal Rules of Civil Procedure], the Court may consider whether some other form of sanction, beyond striking the submission of inappropriate filings, is warranted."); Order, ECF No. 207 (Dec. 4, 2023) ("[T]he discovery requested has been . . . not sought consistent with the Federal Rules of Civil Procedure"); Order ECF No. 300 (Nov. 4, 2024) (denying various motions filed by Ms. Li and noting that "any further motions for sanctions filed by Plaintiff, which do not indicate a good-faith effort to resolve the dispute before filing, i.e., engaging in genuine and repeated efforts to amicably resolve the dispute with the opposing party, will be summarily denied without any response required by any Defendant"); Order, ECF No. 302 (Nov. 5, 2024) (summarily denying motion for Defendants to disclose any side contacts with the Court and noting that "[t]he Court once again urges the Plaintiff not to waste the Court's time filings motions lacking any factual basis"); Order, ECF No. 307 (Nov. 7, 2024) (denying motions to revoke Defendants' counsel's licenses and noting "[o]nce again, the Court reminds Plaintiff not to waste the Court's time with meritless motions, particularly one where there is no reliance on any court decisions."). These admonishments from the Court are in addition to the improper behavior that Ms. Li has allegedly displayed in conducting discovery that is detailed in the Defendants' filings. *See generally* Mem. at 2–21; *see e.g.*, Mem. at 2–3 (describing Ms. Li's initial disagreements over the filing of the Rule 26(f) Report) (citing ECF Nos. 147–49); *id.* at 5 ("Plaintiff never provided initial disclosures to defendants."); *id.* (describing Ms. Li's claims of "deep fake" voice recordings and threats to attorneys and staff); *id.* at 7–8 (describing Defendants' attempts at outlining Ms. Li's various deficiencies in her discovery responses that she should cure, but Ms. Li never responded); *id.* at 9 (describing Ms. Li's failure to agree to terms related to her deposition) (citing Exhibit 1 to Joint Motion for Stipulated Protective Order, ECF No. 239-1); *id.* at 10 (describing Ms. Li's failure to properly notice and prepare for her own requested depositions resulting in the depositions not occurring) (citing ECF

dismissal when "[b]y the end of the six-month period . . . Chira [the plaintiff] had not filed the required list of witnesses, nor had he completed his discovery. Our independent examination of the record, confirmed by Chira's counsel on appeal, reveals that during the six-month period, Chira . . . did absolutely nothing at all to move their case to trial."); *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) ("[W]e observe that (1) plaintiff caused a 'delay of significant duration' in this litigation, as the proceedings ground to a halt for over seven months as a result of his inaction."); *Feliciano-Cordero v. New Opportunities Inc.*, No. 3:20-CV-00094 (VAB), 2022 WL 834417 at *4 (D. Conn. Mar. 18, 2022) ("As of today, twelve months since the modified discovery deadline and thirteen months since the original deadline, Ms. Feliciano-Cordero has not yet provided the required discovery requests. The Court finds this to be a significant delay under Federal Rule of Civil Procedure 41(b).").

On the second factor, regarding notice, this Court has alerted Ms. Li many times that her failure to comply with this Court's orders could lead to dismissal. *See e.g.*, Order, ECF No. 201 (Sept. 5, 2023) ("If Ms. Li cannot abide by [the Federal Rules of Civil Procedure], the Court may consider whether some other form of sanction, beyond striking the submission of inappropriate filings, is warranted."); Order, ECF No. 237 (June 5, 2024) (ordering Ms. Li to submit any outstanding responses to Defendants' discovery requests as ordered in the Court's Ruling and Order on Defendants' motion to compel, ECF No. 214, or the sanctions that the Court warned Ms. Li of in that Ruling and Order may be imposed."); Order, ECF No. 273 at 3 (July 30, 2024) (noting in a discovery order that "[a] failure to comply with this Order may result in the

---

No. 242); *id.* at 14–15 (describing Ms. Li's outrage at the serving of a subpoena on her husband and failure of her or her husband to appear at his scheduled deposition) (citing ECF Nos. 282-1, 294-1, 297); *id.* at 17–19 (describing Ms. Li's failure to notice more depositions nor properly prepare for the deposition resulting in the depositions again not occurring); *id.* at 20 (describing Ms. Li's failure to appear at her scheduled deposition).

imposition of sanctions, if later found justified, including but not limited to dismissal."); Order, ECF No. 276 (Aug. 12, 2024) (reiterating in a scheduling and discovery order that "as noted in the Court's most recent Order, ECF No. 273, 'failure to comply with this Order may result in the imposition of sanctions, if later found justified, including but not limited to dismissal.'"). These repeated warnings qualify as adequate notice. *See e.g.*, *Lewis v. Rawson*, 564 F.3d 569, 582 (2d Cir. 2009) (upholding dismissal where "the record demonstrates that Lewis and his counsel were given both clear notice that Lewis's continued refusal to testify could result in dismissal"); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357–58 (2d Cir. 2020) (summary order) (upholding dismissal where the plaintiff "received notice of the consequences of failure to respond to the defendants' discovery demands during the January 30, 2018 conference and in the text order entered thereafter"); *Feliciano-Cordero*, 2022 WL 834417 at *5 (dismissing the case under Federal Rule of Civil Procedure 41(b) where "the Court's February 3, 2021 order clearly and explicitly informed Ms. Feliciano-Cordero that if she failed 'to comply with either of the court-imposed deadlines, the Court may consider whether the dismiss this case for failure to prosecute'").

On the third factor, prejudice, the Defendants have been prejudiced by increased costs due to the repeated delays in discovery. *See* Mem. at 25 ("[D]efendants have wasted exorbitant resources in their unsuccessful endeavor to obtain plaintiff's records and information."); *cf. LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay in filing his response caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself. There are, for example, no indications that the delay increased the litigation costs defendants had to bear . . .").

This case also concerns events taking place as far back as September 2016. *See* Amd. Compl. With such a lengthy delay in receiving discovery materials, the Defendants are likely to be prejudiced by the increasingly challenging prospects in obtaining evidence from events that took place nearly a decade ago, particularly when Ms. Li herself has yet to be deposed. *See Heendeniya*, 830 F. App'x at 358 ("[T]he district court reasonably concluded that further delay would be prejudicial to the defendants: at the time of its decision, this action had been pending for three years, and it concerned events more than five years in the past, of which evidence was increasingly unlikely to be available.") (citing *Ruzsa*, 520 F.3d at 177, and *Chira,* 634 F.2d at 666) ; *Dailey v. Knight*, No. 3:16-CV-1787 (VAB), 2022 WL 294903, at *2 (D. Conn. Feb. 1, 2022) ("Because Mr. Dailey's claims concern facts that allegedly occurred as long ago as October 2014, any discovery still outstanding into Mr. Dailey's claim will be hindered by the delay caused by his prior failure to prosecute this action. Moreover, Defendants would be prejudiced if this matter is reopened because they will need to locate, for purposes of preparing for trial, any witnesses or defendants who may no longer work for the DOC, and witnesses may no longer retain a clear recollection of the relevant events."); *Feliciano-Cordero*, 2022 WL 834417 at *5 ("The case, which was filed on January 20, 2020, concerns events that took place five years ago, in or about January 2017. . .  Delay becomes prejudicial when parties need to rely on witnesses who may become more difficult to locate or whose recollection of relevant events may no longer be as clear as time goes on. . . In this case, the Court has additional reason to be concerned about potential prejudice because Ms. Feliciano-Cordero has herself not yet been deposed.").

Regarding the fourth factor, the Court has balanced its interest in managing its docket vis-à-vis Ms. Li's interest in being heard by giving Ms. Li several years and multiple

opportunities to work to develop a reasonable plan for discovery, produce discovery, and hold depositions. Instead of properly litigating this case, however, Ms. Li has filed various meritless motions, failed to comply with court orders, and refused to respond to the Defendants' discovery requests—adding to this Court's already extensive docket. *Compare supra* at 2–20 (describing the procedural history in the case), *with supra* note 3 (describing Ms. Li's failure to comply with discovery orders and the Defendants' discovery requests); *see e.g.*, *Ruzsa*, 520 F.3d at 177 (2d Cir. 2008) (affirming dismissal where "by delaying dismissal for twenty days and thereby affording Ruzsa ample time to inform the Court that he stood ready to press his claims, 'the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court'"); *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (summary order) ("[T]he District Court afforded plaintiff seven months to respond to defendant's motion to dismiss for failure to prosecute before granting the motion, demonstrating that 'the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court.'") (citing *Ruzsa*, F.3d at 178); *see also Feliciano-Cordero*, 2022 WL 834417 at *5 ("[T]he Court has considered Ms. Feliciano-Cordero's right to a day in court against the need to alleviate the Court's docket. The Court has made efforts to provide Ms. Feliciano-Cordero time to produce the required discovery and to make herself available for a deposition. As noted above, the Court held a discovery conference on February 3, 2021 where it extended the discovery deadline to allow Ms. Feliciano-Cordero additional time to provide the requested discovery. Since then, Ms. Feliciano-Cordero has not filed any requests for extensions, explanations, or responses with the Court.").

Finally, regarding the fifth factor of consideration of lower sanctions, while the Court has taken into account Ms. Li's *pro se* status, Ms. Li's repeated failure to comply with this Court's

orders and properly conduct discovery, despite repeated warnings of potential dismissal make it clear that lesser sanctions would not be effective, and dismissal with prejudice is warranted. *See Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (per curiam) ("While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal.") (quotation marks and citations omitted); *Chira*, 634 F.2d at 666 ("Chira . . . argues that . . . dismissal was too harsh a remedy. Had Chira complied in part, or been frustrated in good faith efforts to comply, the argument might be colorable, but given his complete intransigence in the face of a clear court order, we reject it."); *see also Ruzsa*, 520 F.3d at 177 ("[W]hile it is unclear from the record whether the District Court considered sanctions short of dismissal, in light of Ruzsa's failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case.").

Finding that all Rule 41(b) factors weigh in favor of dismissal, dismissal of this case for failure to prosecute is appropriate. *See also Ruzsa*, 520 F.3d at 177–78 (affirming dismissal when all five factors weigh in favor of it); *E. Coast Plastic Surgery, P.C. v. Aetna Health & Life Ins. Co.*, No. 3:23-CV-1173 (VAB), 2024 WL 4528870 at *2 (D. Conn. Oct. 18, 2024) (finding all factors weigh in favor of dismissal and "dismissal of this case for failure to prosecute is appropriate").

Accordingly, the motion to dismiss this case with prejudice under rule 41(b) will be granted.

### C. Dismissal and Sanctions Under Federal Rule of Civil Procedure 37(b)(2)

Having concluded that dismissal with prejudice is appropriate under Federal Rule of Civil Procedure 41(b), the Court need not conduct a Rule 37(b)(2) analysis. However, since, the

Defendants have asked the Court to consider, "any other sanction the Court deems appropriate," Mem. at 1., the Court will address whether additional sanctions are appropriate under Federal Rule of Civil Procedure 37(b). *See Feliciano-Cordero*, 2022 WL 834417 at *6 ("Having concluded that dismissal is appropriate under Federal Rule of Civil Procedure 41(b), the Court need not address [the Defendant's] argument for dismissal under Federal Rule of Civil Procedure 37(b)(2). The Court will, however, address whether sanctions are appropriate under Federal Rule of Civil Procedure 37(b)[.]").

Because the Court has already considered the efficacy of lower sanctions, the duration of noncompliance, and notice or warnings, the Court need only consider the factor of the willfulness of the noncompliance under Rule 37(b). *See Kellogg*, 2013 WL 308985, at *1 ("When deciding on the appropriate sanction [under Rule 37(b)(2)], the Court considers '(1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further noncompliance could result in sanctions.'") (citing *S. New England Tel.*, 624 F.3d at 149).

Given the clarity of the Court's orders on the docket and during conferences with Ms. Li to comply with its discovery orders, and her repeated voluntary refusals to properly respond to discovery requests or conduct depositions, the Court finds that Ms. Li's noncompliance has been willful. *See supra* note 3 (describing Ms. Li's failure to comply with discovery orders and the Defendants' discovery requests); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (per curiam) (finding willful noncompliance when the plaintiff failed "to appear at three scheduled depositions" among other defiance of court orders); *Feliciano-Cordero*, 2022 WL 834417 at *6 ("[T]he Court finds the noncompliance to have been willful because the Court's orders have been clear, Ms. Feliciano-Cordero understood them, and Ms. Feliciano-Cordero's

noncompliance is not due to factors beyond her control. It is clear to the Court that Ms.

Feliciano-Cordero understood the Court's order because it was discussed at the February 3, 2021

discovery conference. As previously noted, she has also not filed any explanation with the Court

suggesting that noncompliance is due to factors beyond her control.") (internal citation and

quotation marks omitted)).

Therefore, all Rule 37(b)(2) factors weigh in favor of sanctions. Because the sanction of

dismissal is "the most severe in the spectrum of sanctions," *Nat'l Hockey League v. Metro.*

*Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), Ms. Li is a *pro se* plaintiff, and the Court has

already determined that lesser sanctions would be ineffective, the Court finds the imposition of

additional sanctions unwarranted. *See Residential Funding Corp.*, 306 F.3d at 101 ("[A] District

Court has broad discretion in fashioning an appropriate sanction[.]"), *superseded by statute on*

*other grounds*.

Accordingly, no additional sanctions under Rule 37 will be imposed.

### D. Costs Under Federal Rule of Civil Procedure 54(d)(1)

Federal Rule of Civil Procedure 54(d)(1) provides that: "Unless a federal statute, these

rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to

the prevailing party."

"Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the

prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *see also*

*Wilder v. GL Bus Lines*, 258 F.3d 126, 129 (2d Cir. 2001) ("Rule 54(d)(1) is phrased

permissively . . . because it permits a court to refuse to impose costs on the losing party at all.").

The Defendants have asked the Court to consider "awarding these defendants costs as a

prevailing party under Rule 54(d)(1)." Mem. at 1.

Given the Ms. Li's *pro se* status, and the fact that the Court has already determined that the most extreme sanction of dismissal with prejudice is warranted, the Court will not award costs under Rule 54(d)(1). *See Whitfield v. Scully*, 241 F.3d 264, 273 (2d Cir. 2001) ("[D]istrict courts retain discretion to limit or deny costs based on indigency[.]"), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016); s*ee e.g.*, *Rubinow v. Boehringer Ingelheim Pharms., Inc.*, No. 3:08-CV-01697 SRU, 2013 WL 4402368, at *2 (D. Conn. Aug. 14, 2013) (refusing to award costs under Rule 54(d) when the parties "could not be more dissimilar in terms of resources or bargaining power"); *Bagwell v. World Wrestling Ent., Inc.*, No. 3:16CV01350(JCH), 2018 WL 4697301, at *5 (D. Conn. Jan. 22, 2018) (denying an award of costs to the prevailing party under Rule 54(d) when "there are equitable reasons to decline an award of costs").

Accordingly, no costs will be imposed against Ms. Li.

## IV.    CONCLUSION

For the foregoing reasons, the Remaining Town Defendant's motion to dismiss, and AMR, Mackenzie D'Iorio, and St. Vincent's motions for joinder are **GRANTED**. Accordingly, the Amended Complaint is **DISMISSED WITH PREJUDICE** and all pending motions, ECF Nos. 293, 294, 303, 305, and 308 are **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to enter judgment in favor of the Defendants and to close this case.

**SO ORDERED** at New Haven, Connecticut, this 25th day of April, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE